# MERILLAT *v.* HENSEY.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 107. Argued March 17, 1911.—Decided May 15, 1911.

Both courts below having found that no actual fraud was intended in this case, this court considered only the question of constructive fraud.

Where, as in the District of Columbia, the assignment of a chose in action does not have to be recorded and there is no way in which constructive notice can be given, the assignment, if valid upon its face, is ineffective only in case of actual bad faith established by the facts.

Knowledge of one's own insolvency, except in cases provided by statute, does not render it illegal or criminal to prefer one creditor above another. *Huntley* v. *Kingman,* 152 U. S. 527.

The fact that the amount alleged to be due on an unliquidated chose in action is greater than the amount of the debt in payment of which it is assigned is not necessarily evidence of fraud against other creditors; and where the amount actually recovered is less than the amount of the debt this court will not disturb the finding of both courts below that there was no fraud.

Reservation to the assignor of surplus of a chose in action given in payment of a debt does not of itself constitute fraud in law. To be fraud in law the reservation must be of some pecuniary benefit to the as-

signor at the expense of creditors and a prime purpose of the conveyance. Section 1120, Code of the District of Columbia.

The assignment of a mere chose in action, not subject to legal process and of uncertain value, given to secure an honest debt, will not be set aside by this court as fraudulent in law because the surplus, if any (there actually being a deficit), was reserved to the assignors by a separate instrument, for the recording of which there was no provision, after two courts have held that the assignment was not made with intent to hinder and defraud creditors and as matter of law had no such result.

34 App. D. C. 398, affirmed.

THE facts are stated in the opinion.

*Mr. Chas. H. Merillat* and *Mr. Mason N. Richardson* for appellants:

While the Federal rule and those of many States permit a debtor honestly to prefer a special creditor, aside from the effect of recent statutory enactments, the Federal rule is equally well settled that a secret reservation of a benefit to a known failing debtor is fraudulent *per se* and vitiates the preference. *Lukins* v. *Aird,* 6 Wall. 79; *Means* v. *Dowd,* 128 U. S. 282; *Dent* v. *Ferguson,* 132 U. S. 67; *Huntley* v. *Kingman,* 152 U. S. 527; *Crawford* v. *Neal,* 144 U. S. 585; *Bamberger* v. *Schoolfield,* 160 U. S. 150; *In re Robertshaw Mfg. Co.,* 133 Fed. Rep. 556.

It is the secrecy of the trust which constitutes its illegality. *Greenleve* v. *Blum,* 59 Texas, 126; *Rice* v. *Cunningham,* 116 Massachusetts, 469; *Campbell* v. *Davis,* 85 Alabama, 56; *Dean* v. *Skinner,* 42 Iowa, 418; *Connelly* v. *Walker,* 45 Pa. St. 454; *Neubert* v. *Maesman,* 37 Florida, 97; *Moore* v. *Wood,* 100 Illinois, 451; *Beidler* v. *Crane,* 135 Illinois, 98; *Jones* v. *Gott,* 10 Indiana, 242; *Clark* v. *French,* 23 Maine, 228; *Sidensparker* v. *Doe,* 52 Maine, 481, 490; *Malcolm* v. *Hodges,* 8 Maryland, 418; *Whedbee* v. *Stewart,* 40 Maryland, 420; *Franklin* v. *Claflin,* 49 Maryland, 24; *Smith* v. *Conkwright,* 28 Minnesota, 23; *Molaska Co.* v. *Steele,* 36 Mo. App. 496; *Wooten* v. *Clark,* 23 Mississippi,

77; *Walpole Platen Co.* v. *Law*, 10 U. S. App. 704; *Coolidge* v. *Melvin*, 42 N. H. 510; *Winkley* v. *Hill*, 9 N. H. 31; *Scott* v. *Hartman*, 26 N. J. Eq. 89, 92; *Moode* v. *Williamson*, 44 N. J. Eq. 496, 505; *Newell* v. *Wagner*, 1 N. Dak. 69; *Mendenhall* v. *Elwert*, 36 Oregon, 375; *Bentz* v. *Rockey*, 69 Pa. St. 71, 77; *Edwards* v. *Dickson*, 66 Texas, 614; *Humphries* v. *Freeman*, 22 Texas, 45; *Young* v. *Heermans*, 66 N. Y. 382.

The text books are to the same effect. See Bump. on Fraud. Conv., § 201; Wait, Fraud. Conv., § 272; Ency. Law, 2d ed., Vol. 14, p. 248; Cyc., Vol. 20, pp. 463, 464; Story, Eq., Jur., Vol. 1, §§ 361, 362; Kerr on Fraud and Mistake, §§ 206, 207.

The proviso of § 1120 of the District Code that in suits to set aside conveyances or assignments as made with the intent to hinder, delay or defraud creditors "the question of fraudulent intent shall be deemed a question of fact and not of law" does not alter the Federal rule when applied to the instant case. The proviso does not abolish the cardinal rule that parties shall be deemed to intend the natural and probable consequences of their acts. *Crawford* v. *Neal*, 144 U. S. 585.

In Maryland, from whose laws most of the Code of the District of Columbia is taken, there is a statute similar to section 1120. In *Franklin* v. *Claflin*, 49 Maryland, 24, the court held: "Nothing can be more truly inconsistent with a contract of sale of chattels purporting to be absolute than the existence of a right or interest in or a secret reservation to be evidence of collusion"; and see *Farrow* v. *Hayes*, 51 Maryland, 505; *Main* v. *Lynch*, 54 Maryland, 671, 672, 673; *Whedbee* v. *Stewart*, 40 Maryland, 414.

New York State has a statute identical with the last proviso of § 1120 and, construing it, the highest courts of that State have held that every party must be deemed to have intended the natural and inevitable consequences of

his acts, and where his acts are voluntary and necessarily operate to defraud others, he must be deemed to have intended the fraud. *Coleman* v. *Burr*, 93 N. Y. 17; *Edgell* v. *Hart*, 9 N. Y. 13; *Thompson* v. *Crane*, 73 Fed. Rep. 327, 329.

Minnesota's code provides that fraudulent intent shall be deemed a question of fact, and not of law (see *Vase* v. *Stickney*, 19 Minnesota, 370), but see *Hathaway* v. *Brown*, 18 Minnesota, 414; see also *Moore* v. *Wood*, 100 Illinois, 455; *Palmour* v. *Johnson*, 84 Georgia, 99.

Even if the secret trust made the assignment only presumptively fraudulent and the court below was correct in holding the transaction susceptible of explanation, its conclusion was error; for the explanation must be one of fact and a bare denial of intent to defraud does not overcome the presumption of fraud. The denial is not even competent evidence as to the intent.

Secret trusts have been denounced, and while a creditor may seek to have his own claim preferred, he must do no more than by fair methods to obtain payment of his own claim; as if he goes further and secure a benefit to the failing debtor this will taint the whole transaction. *Crawford* v. *Kirksey*, 55 Alabama, 282; *Seaman* v. *Nolan*, 68 Alabama, 466; *Story* v. *Agnew*, 2 Ill. App. 358; *Sidensparker* v. *Doe*, 52 Maine, 481, 490.

These cases apply to choses in actions as well as other species of property. Code of D. C., § 1120; *Insurance Co.* v. *Sears*, 109 Massachusetts, 383; *Green* v. *Tantum*, 19 N. J. Eq. 105; *Hitt* v. *Ormsbee*, 14 Illinois, 236; *Savings Bank* v. *McLean*, 84 Michigan, 628; Bump on Fraud. Conv., 239, 240.

*Mr. Arthur A. Birney* and *Mr. Henry F. Woodard* for appellee:

There was no purpose in Mertens and Agnew to cheat, defraud or hinder Hensey's other creditors.

With these facts found the decree below should be affirmed and the bill dismissed, and the complainants should not be heard upon the claim of constructive fraud, or fraud in law. False charges of the moral turpitude involved in fraud in fact are discouraged in equity, and a complainant having failed to establish such charge will not be permitted to shift his ground and obtain relief on the claim of constructive fraud. *Eyre* v. *Potter*, 15 How. 41, 56; *Dashiell* v. *Grosvenor*, 27 L. R. A. 67; *Tillinghast* v. *Champlin*, 4 R. I. 173; *Fisher* v. *Boody*, 1 Curt. C. C. 206.

Section 1120, Code of Dist. of Col., has abolished constructive fraud, and made it necessary that fraud in fact, or dishonesty, shall be found in order to vacate a transfer.

There are similar provisions in the laws of California, New York, Michigan, Indiana, Wisconsin, and other States, and wherever construed, the courts have denied the right of the judge to rule a conveyance fraudulent, unless upon its face the instrument was inconsistent with an honest purpose. The question of fraud is for the jury, not for the court. *McFadden* v. *Mitchell*, 54 California, 628; *Babcock* v. *Eckler*, 24 N. Y. 623; *Howe Machine Co.* v. *Claybourn*, 6 Fed. Rep. 438; *Hooser* v. *Hunt*, 65 Wisconsin, 71. And it would seem that if any effect is to be given the proviso of section 1120, it must be held to reject the contention that a transaction perfectly honest, may, by construction of law only, be found dishonest.

The reservation of a surplus to Hensey after the payment of expenses and the debt due Mertens and Agnew was not even constructively fraudulent. *Huntley* v. *Kingman*, 152 U. S. 527; *Etheridge* v. *Sperry*, 139 U. S. 267, 271; *Leitch* v. *Hollister*, 4 N. Y. 211; and see *Curtis* v. *Leavitt*, 15 N. Y. 127, 146, 204; *Durham* v. *Whitehead*, 21 N. Y. 131; *Camp* v. *Thompson*, 25 Minnesota, 175; *Didier* v. *Patterson*, 93 Virginia, 534.

There is on the face of the papers no fraudulent pro-

vision, and if this be conceded, the plaintiffs must claim to have proved fraud *dehors* the writings, or the wicked purpose and intention—the moral turpitude, which their bill alleges; and this is disproved.

The fact that the assignment was filed while the agreement as to application of the proceeds was not filed, is not only not conclusive evidence of fraud, but, alone, is of no probative force. They were under no obligation to other creditors so to file it. *Fechheimer* v. *Baum*, 43 Fed. Rep. 719, 726; *Blanks* v. *Klein*, 53 Fed. Rep. 436; *Blennerhassett* v. *Sherman*, 105 U. S. 100. This will not be held to be fraud if the conveyance is only for security; the deed will be enforced to the extent of the secured debt. *Chickering* v. *Hatch*, 3 Sumner's R. 474; *Gaffney's Assignee* v. *Signaigo*, 1 Dillon, 158; *Worten* v. *Clark*, 23 Mississippi, 77. Complainant cites many cases, but they do not give support to complainant's theories, except so far as general expressions may appear to do so; they are simply inapplicable. They apply only where the court does not find that an honest debt was intended to be secured, and can find either motive or purpose in the creditor secured to cheat or defraud others.

A special assignment of a particular part of a debtor's property, the possession whereof is surrendered by the debtor, will be regarded as valid in the absence of convincing proof of fraudulent design. The property passes by delivery, or the equivalent thereof. A pledge is complete without any writing.

If it be shown that the conveyance, though absolute in form, was given in good faith to secure a real debt, it will be quite immaterial that the right to redeem was not expressed but rests in parol. The conveyance will be upheld to the extent of the debt proved. Cases *supra* and *Muchmore* v. *Budd*, 53 N. J. Law, 369; *Didier* v. *Patterson*, 93 Virginia, 534; Bump on Fraud. Conv., 4th ed., § 55; *Smith* v. *Onion*, 19 Vermont, 427; *Oriental Bank* v. *Haskins*.

3 Met. 332; *Howe Machine Co.* v. *Claybourn*, 6 Fed. Rep. 438; 20 Cyc. 474, 475, 476.

If an absolute conveyance be found constructively fraudulent, it will yet be sustained to the extent of the debt it was given to secure. *Boyd* v. *Dunlap*, 1 Johns. Ch. 478; *Lobstein* v. *Lehn*, 120 Illinois, 549; *Bates* v. *McConnell*, 31 Fed. Rep. 588; *Stamy* v. *Laning*, 58 Iowa, 662; *Brock* v. *Hudson &c. Bank*, 48 N. J. Eq. 615; *Short* v. *Tinsley*, 1 Metc. (Ky.) 397; *Bartlett* v. *Cheesbrough*, 23 Nebraska, 767; *Ball* v. *Phenicie*, 94 Michigan, 355; *Waterbury* v. *Sturdevant*, 18 Wend. 353.

MR. JUSTICE LURTON delivered the opinion of the court.

This is a bill filed by a creditor of the defendant Hensey attacking as fraudulent an assignment by him of a certain cause of action against the defendant, the Mercantile Trust Company. The bill upon final hearing was dismissed by the trial court, and this judgment was affirmed in the Court of Appeals of the District of Columbia. From that decree an appeal has been perfected to this court.

The thing assigned was a claim for damage under an indemnity bond made by the Mercantile Trust Company upon which an action was at the time pending. The assignment was in these words:

"Washington, D. C., October 21, 1903.

For value received, I hereby sell, assign, transfer and set over to Frederick Mertens and Park Agnew my cause of action in the above entitled suit, and all the proceeds which may be derived from the prosecution thereof and from any judgment that may be obtained. I further authorize and empower the said assignees to continue the prosecution of said cause in my name, to which end I constitute them my lawful attorneys in fact.

In witness whereof, I have hereunto set my hand, this twenty-first day of October, 1903.

(Signed)    Melville D. Hensey."

The assignor took from the assignees an agreement to return to him any balance after paying the debt due to the assignees. This defeasance was in these words:

"This agreement, entered into this twenty-first day of October, 1903, between Frederick Mertens and Park Agnew, parties of the first part, and Melville D. Hensey, party of the second part.

"Whereas, the party of the second part has this day executed an assignment of his cause of action against the Mercantile Trust Company, At Law No. 44,822, in the Supreme Court of the District of Columbia:

"Now, therefore, it is agreed and understood between the parties that from the proceeds of any judgment that may be recovered against the Mercantile Trust Company in said suit, or any other suit involving the same issue, that there shall first be paid costs and attorneys' fees, secondly the claim of Mertens and Agnew against Melville D. Hensey, and any balance then remaining over to the said Hensey.

"Witness the signatures and seals of the parties, this twenty-first day of October, 1903.

(Signed)     Frederick Mertens,
                   Park Agnew,
                   Melville D. Hensey."

The assignment was filed with the clerk of the court, and the defeasance was delivered to Messrs. Birney and Woodard, the attorneys conducting the action for Hensey.

In June, 1905, there was judgment for Hensey for $8,468, which was finally affirmed by this court some two years later. Thereupon, this bill was filed by the appellants, who are judgment creditors, charging that the assignment of October 21, 1903, was made for the purpose of hindering, delaying and defrauding creditors. Both the Supreme Court and the Court of Appeals concurred in holding that the appellants had failed to show fraud, actual or constructive, and that the single purpose of the

assignment was to secure the payment of a just indebtedness to the assignees, the defendants Mertens and Agnew. After paying the attorneys' fees and court costs, the surplus is not enough to pay the debt secured in full.

In view therefore of the concurrence of both courts in finding that no actual fraud was intended, we shall pass at once to the question of constructive fraud.

Fraud in law is predicated upon the fact that the assignor took from the assignees the agreement above set out, and did not file it with the clerk of the court as he did the assignment itself.

It has been argued that the assignment was misleading as not indicating the consideration or purpose, and because not accompanied by the defeasance. But the assignment of a chose in action was not required to be recorded, and there was no way in which constructive notice might be given. The filing with the clerk was, of course, not constructive notice; the obvious purpose being to protect the assignees against the dismissal of the suit by the assignor, or the payment of the proceeds of the suit to him. Indeed on the day before the clerk was directed to "enter the case as to the use of Mertens and Agnew."

That the assignment upon its face is valid is clear. If it is ineffective as to the appellants it must be because of something behind it constituting evidence of bad faith. Are the inferences to be drawn from that evidence consistent with good faith, or do the facts indubitably establish fraud as matter of law? What are the facts from which we are to conclude as matter of law that the purpose was to hinder, delay or defraud? It is said that the assignment was not absolute, but was a transfer to secure a debt, with a reservation, by an unpublished agreement, of any balance. The honesty of the debt intended to be secured was attacked, but that this was a baseless charge is hardly doubtful, especially after two courts have adjudged the debt just. It is then said that the assignor was

at the time insolvent and intended to prefer the assignees, and that they knew it. This would be effective if bankruptcy had ensued within four months, and the trustee had sought to set it aside as a preference; but that on one side, it is neither immoral nor illegal for a failing debtor to prefer one creditor over another. *Huntley* v. *Kingman Co.*, 152 U. S. 527.

But it is said that the value of the claim assigned was far beyond the amount of the debt secured. Here again we find both lower courts disagreeing with this contention.

The thing assigned was of uncertain value. It was an action for damages upon an indemnity bond. The plaintiff made a large claim and doubtless had some of the enthusiasm usual to plaintiffs seeking damages. One jury said he should have $18,000. The court said it was too much, and set the verdict aside. Another jury said he would be compensated by a little more than $8,000. The defendant thought this a monstrous sum, and carried the case first to the Court of Appeals of the District and then to this court before the judgment stuck. The costs, attorneys' fees and interest upon the debt due the assignees more than consumed the whole, and the only question now is whether the assignees shall get a part of their debt or none.

But, it is said, that they have agreed to pay back any surplus, if any there should be after paying their debt, and that this is a reservation by the assignor of an interest in the subject assigned, which operates not as a circumstance of fraud, but as that kind of indubitable evidence which makes fraud in law.

Let us look at it. It did not show fraud in fact of law that this assignment was not an absolute sale or transfer of the chose assigned, but a mere security for an honest debt. If the claim came to nothing, the debt was unpaid. If, as proved to be the case, enough was realized to pay a part, the rest is a debt to be paid. But if there should be a

surplus, what then? If nothing had been agreed about the surplus, is there any doubt that the law would have implied a promise to account to the assignor for that surplus? Is it, then, the law that a promise made to do that which, without the promise, the law would have compelled the assignee to do, constitutes such evidence of fraud as to be fraud in law?

There are some cases which seem to hold that if one makes a general assignment to secure creditors, and inserts a clause reserving to himself any surplus, that he thereby delays his creditors who might seek that surplus until the trust should be wound up, and therefore comes under the condemnation of the statute against conveyances to hinder, delay or defraud creditors, however innocent his purpose, or the existence of a surplus. There are New York cases which seem to go so far, and perhaps others. *Goodrich* v. *Downs*, 6 Hill (N. Y.) 438; *Barney* v. *Griffin*, 2 N. Y. 365; *Curtis* v. *Leavitt*, 15 N. Y. 9, 124; *Collomb* v. *Caldwell*, 16 N. Y. 486. But the same court, in *Leitch* v. *Hollister*, 4 N. Y. 211, held that the principle did not apply to assignments in good faith "of a part of a debtor's property to creditors themselves for the purpose of securing particular demands." "The conveyance," said the New York court, "whatever may be its form, is in effect a mortgage of the property transferred. A trust as to the surplus results from the nature of the security, and is not the object, or one of the objects, of the assignment. Whether expressed in the instrument or left to implication, is immaterial. The assignee does not acquire the legal and equitable interest in the property conveyed, subject to the trust, but a specific lien upon it. The residuary interest of the assignor may, according to its nature, or that of the property, be reached by execution or by bill in equity. The creditor attaches that interest as the property of the debtor, and is not obliged to postpone action until the determination of any trust. He is,

therefore, neither delayed, hindered or defrauded in any legal sense."

That the mere reservation of a balance under an assignment to pay debts, one or many, is enough as matter of law to make the transaction void, whether the reservation be in or out of the instrument, has not been generally accepted. *Muchmore* v. *Budd*, 53 N. J. Law, 369, where many cases are cited, among them being *Rahn* v. *McElrath*, 6 Watts (Pa.), 151; *Floyd & Co.* v. *Smith*, 9 Oh. St. 546; *Eli* v. *Hair et al.*, 16 B. Monroe, 230; *Didier* v. *Patterson*, 93 Virginia, 534. In *Huntley* v. *Kingman Co.*, 152 U. S. 527, the New York rule is impliedly disapproved. The assignment in that case was of a stock of merchandise to a third person as trustee, to sell and pay a particular debt and "hold the remainder subject to the order of the assignor." The instrument was attacked as fraudulent in law by reason of this reservation, and the trial court instructed the jury to find for the plaintiff on account of this reservation. This court reversed the judgment, holding the charge erroneous. Mr. Justice Brown, for the court, after saying that the agreement to account to the assignor for any surplus was no more than the law would have implied, said:

"Whatever may be the rule with regard to general assignments for the benefit of creditors, there can be no doubt that, in cases of chattel mortgages (and the instrument in question, by whatever name it may be called, is in reality a chattel mortgage), the reservation of a surplus to the mortgagor is only an expression of what the law would imply without a reservation, and is no evidence of a fraudulent intent. This was the ruling of the Court of Appeals of New York in *Leitch* v. *Hollister*, 4 N. Y. 211, 216, where the assignment was to the creditors themselves for the purpose of securing their demands. 'A trust,' said the court, 'as to the surplus results from the nature of the security, and is not the object, or one of the objects, of the

assignment. Whether expressed in the instrument or left to implication, is immaterial. The assignee does not acquire the entire legal and equitable interest in the property conveyed, subject to the trust, but a specific lien upon it. The residuary interest of the assignor may, according to its nature, or that of the property, be reached by execution or by bill in equity.' "

The reservation which the law pronounces fraudulent is of some pecuniary benefit at the expense of creditors, especially when secretly secured—such benefit to the assignor being presumed a prime purpose of the conveyance. *Lukins* v. *Aird*, 6 Wall. 79. Other cases are considered and reviewed in *Huntley* v. *Kingman, supra.*

Section 1120 of the District of Columbia Code provides that in suits to set aside transfers or assignments as made with intent to hinder, delay or defraud creditors, "the question of fraudulent intent shall be deemed a question of fact and not of law."

Counsel have argued, as courts have ruled, that no amount of evidence will assign to an instrument an operation which the law does not assign to it. Thus a mere deed of gift which actually deprives existing creditors of property which was subject to their claims, or a transfer of property grossly disproportioned to a debt secured under a conveyance apparently absolute, but subject to a secret agreement that the surplus should be held for the assignor, could not be saved, for the necessary legal effect would be to hinder, delay or defraud creditors, and the law could but assign to such conveyance the intent which must indubitably appear from the facts. *Edgell* v. *Hart*, 9 N. Y. 213, 217.

But the assignment here was of a mere chose in action, not subject to legal process, but to be reached through equity only. There was no requirement of law that such an assignment should be recorded and no legal way to give constructive notice. The debt secured was an honest

one, and the security was of uncertain value and character, involving great expense and delay in collection. The fact that the reservation of any surplus after paying the debt secured was not disclosed in the assignment itself was a circumstance of suspicious character, but not as matter of law inconsistent with an honest intent. Two courts have held that under all the circumstances the assignment was not made to hinder, delay or defraud creditors, and as matter of law had no such result.

We are content to affirm this judgment.

*Affirmed.*