## Royse v. Winchester Bank.

(Decided May 15, 1912.)

### Appeal from Clark Circuit Court.

1. **Principal and Surety—Deposit in Bank—Application of—Defense of Surety.**—The fact that the principal in a note had money enough on deposit to his credit in the bank to which the note was payable, at the time the note fell due and that the bank did not apply it to the payment of the note, is no defense for the surety, when the money was deposited for the payment of certain designated creditors.

2. **Surety—When Not Released.**—The surety on a note is not released by the creditor lending the debtor another sum of money and taking from him a mortgage on all his property to secure the loan and another unsecured debt held by the creditor.

PENDLETON, BUSH & BUSH for appellant.

J. M. STEVENSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

James Hensley and M. D. Royse executed to the Winchester Bank, on August 2, 1909, a note for $212 due August 2, 1910. The bank brought this suit against them to recover on the note. Royse filed an answer in which he alleged that he was the surety of Hensley; that when the note fell due Hensley had on deposit with the bank to his credit a sum of money sufficient to pay it and that the bank wrongfully failed to apply the money thereto, whereby he was released. By an amended answer, Royse pleaded that without his knowledge or con-

sent and by collusion with Hensley the bank procured, on August 26, 1910, from Hensley a mortgage covering all of Hensley's property; that Hensley was then insolvent; that the bank induced Hensley to make the mortgage with the intent to injure him as surety; that it thereby increased his risk as surety and prevented him from securing indemnity from Hensley and put it out of Hensley's power to pay the note. Issue was joined on the defenses set up by Royse and the case came on for trial before a jury which returned a verdict in favor of the bank upon which the court rendered judgment. Royse appeals.

The evidence showed that Hensley had on deposit with the bank $300 when the note fell due, but the evidence for the bank showed that this money was deposited with it under the agreement that it should be paid to certain creditors of Hensley. The court's instructions aptly submitted to the jury the question whether this money was put into the bank as a general deposit upon which Hensley could check as he saw fit, and the verdict of the jury, under the instruction, is a finding by them that the money was to be checked out only for the purpose of paying certain designated debts of Hensley. This being the fact, Royse can not complain that the money was not applied to the payment of the note on which he was surety, as it was not one of the designated debts; the bank having received the money for certain purposes could not properly apply it to any other purpose. Royse was not released as surety by the bank refusing to do what it had no right to do.

The other defense, the execution of the mortgage, was submitted to the jury by an instruction under which the jury found that the mortgage was executed in good faith. The evidence abundantly sustains the verdict of the jury on both propositions. Although the bank held the note of Hensley upon which Royse was surety, it had a perfect right to take from Hensley a mortgage to secure it in another debt which he owed it for another loan made by it. The rule that the creditor can do nothing that will prejudice the surety, has no application to another and independent transaction. The creditor may not bind himself to give time on a debt without the consent of the surety or make an arrangement with the principal in regard to the debt to the prejudice of the surety, but he may have transactions with the principal concerning other matters and he has the same right to

take a mortgage to secure his other debts as any other creditor has. The mortgage taken by the bank on Hensley's property may be attacked under the statute if it was made in contemplation of insolvency and to prefer the bank to Hensley's other creditors. (Ky. St. Sec. 1910-11.) But the taking of the mortgage constituted no defense to an action against Royse on the note.

Judgment affirmed.