**HANNAN v. HARDEE et al.**

No. 5934.

Court of Appeals of the District of Columbia.

Argued Jan. 12, 1934.

Decided Feb. 12, 1934.

H. Winship Wheatley and H. Winship Wheatley, Jr., both of Washington, D. C., for appellant.

S. C. Brez, Leon Tobriner, B. U. Graham, Frank J. Hogan, Wm. C. Sullivan, G. F. Williams, H. S. Ward, and Huston Thompson, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree dismissing a bill of complaint for want of substance.

The appellant, Patrick F. Hannan, was plaintiff in the lower court, and the Federal American National Bank & Trust Company of Washington, hereinafter called the bank, was the principal defendant. In the bill it was alleged in substance that on March 31, 1931, the William A. Hill Company, a corporation, executed and delivered to plaintiff its several promissory notes in the aggregate sum of $4,500; that afterwards plaintiff indorsed and discounted the notes with the bank, which thereby became and still remains the owner and holder thereof; also, that the William A. Hill Company was and is indebted to plaintiff in the additional sum of $1,000 which is due and unpaid. That on March 31, 1931, the bank procured the William A. Hill Company to execute a deed of trust to it upon certain described real estate to secure a promissory note executed by the company to the bank in the nominal sum of $227,500, under an agreement whereby the bank was to hold the same as security for future advances to be made by it to the company up to the sum of $47,000, and also as security for the following amounts alleged to be already due sev-

erally from the company to the bank and various other parties, to wit, $113,000 to the bank, $20,000 to Barber and Ross, $10,500 to the Security Savings & Commercial Bank, $10,000 to James O'Donnel, and $20,000 to Edgevale material and labor creditors; that at the date of this agreement William A. Hill owned substantially all of the capital stock of the William A. Hill Company, and the properties described in the deed of trust constituted substantially all of the assets of the company and of William A. Hill individually, all of which facts were then well known to the bank. That the purpose of the transaction whereby the note for $227,500, and the deed of trust to secure the same, were executed, was to convey all of the assets of the William A. Hill Company to the bank and the other creditors above named, to the exclusion of plaintiff and the other creditors of the company. That thereupon the bank took possession of the conveyed property and through its control of such assets made partial payments upon the indebtedness of the company to the plaintiff and other creditors, and thereby lulled plaintiff into a sense of security, although plaintiff had no actual knowledge of the deed of trust or of the agreement of March 31, 1931, until within a month before the filing of this bill. That at the time of the execution of the agreement and the deed of trust William A. Hill was physically and mentally ill and did not and could not comprehend the full import of the conveyance of the property for the purposes set forth in the agreement. That at the time of these transactions the bank owned and held the promissory notes aforesaid which the William A. Hill Company had executed to plaintiff, and which plaintiff had indorsed to the bank. That on or about May 23, 1932, plaintiff for the first time was informed of the terms of the agreement between the company, and the bank and immediately notified the bank of his claim that he considered himself thereby released from liability as indorser upon the notes, inasmuch as the attempt of the bank to secure a preference superior to the rights of plaintiff as indorser upon the notes would be a waiver of the right of the bank to enforce any liability against him by reason of his indorsement, and plaintiff demanded of the bank that his indorsement on the notes be stricken off, which the bank refused to do.

Wherefore plaintiff prayed that the bank "be required to exhaust its remedies against the said deeds of trust for the payment of the notes which the plaintiff has indorsed to the exclusion of any rights against this plaintiff on said indorsement and that it be enjoined from bringing any action at law against the plaintiff on said indorsement or in the alternative that said deeds of trust be declared null and void so far as this plaintiff is concerned. That said injunction may be issued pendente lite and made permanent by final decree." And that the bank "be required to cancel and strike out the indorsements of this plaintiff from all the notes of the William A. Hill Company which bear his indorsement or that the court hold the said deeds of trust to be null and void as to the rights of this plaintiff."

A motion to dismiss the bill for want of substance was filed by the bank and the other defendants and was sustained, and the plaintiff electing to stand upon the bill, the court entered a final decree dismissing it with costs.

In our opinion the decree of the lower court is right. The plaintiff's bill fails to state grounds for setting aside the deed of trust made by the company to the bank. The plaintiff was but a general creditor of the company, and it is the established rule that a creditor cannot assail as unlawful an assignment or transfer of property by a debtor until the creditor's debt has been established by a judgment of a court of competent jurisdiction. Accordingly, the prayer of the plaintiff that the deed of trust be declared null and void in so far as the plaintiff is concerned was rightly refused. Friedling v. Freedman, 44 App. D. C. 191; Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 S. Ct. 883, 37 L. Ed. 804; Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113; Pusey & Jones v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763.

Nor does the bill state grounds for requiring the bank "to exhaust its remedies against the said deeds of trust for the payment of the notes which the plaintiff has indorsed to the exclusion of any rights against the plaintiff on said indorsement." The notes which the plaintiff had discounted to the bank were not secured by the deed of trust made by the company to the bank, and consequently the obligation of the plaintiff as indorser was not protected by the deed of trust, and the bank possessed no remedies which it could pursue for the benefit of the plaintiff thereunder.

It may be noted that no proceedings in bankruptcy are involved in the present case; it was therefore not unlawful for the bank when dealing with the William A. Hill Com-

pany in respect to its indebtedness to the bank and to its other creditors, to obtain security for such debts.

"It is entirely well settled, both in England and America, that at common law a debtor in failing circumstances has a right to prefer certain creditors, to whom he is under special obligations, though by such preference the fund for the payment of the other creditors be lessened, or even absorbed." Huntley v. Kingman, 152 U. S. 527, 532, 14 S. Ct. 688, 690, 38 L. Ed. 540.

"It is then said that the assignor was at the time insolvent and intended to prefer the assignees, and that they knew it. This would be effective if bankruptcy had ensued within four months, and the trustee had sought to set it aside as a preference; but that on one side, it is neither immoral nor illegal for a failing debtor to prefer one creditor over another." Merillat v. Hensey, 221 U. S. 333, 341, 31 S. Ct. 575, 577, 55 L. Ed. 758, 36 L. R. A. (N. S.) 370, Ann. Cas. 1912D, 497.

When the plaintiff discounted and indorsed the notes in question to the bank, he assumed the obligations which are set out in section 1370, D. C. Code 1924 (D. C. Code 1929, T. 22, § 96), Negotiable Instruments, as follows: "What indorser warrants to subsequent holders.—Every indorser who indorses without qualification warrants to all subsequent holders in due course— * * * And, in addition, he engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder or to any subsequent indorser who may be compelled to pay it."

█ The plaintiff's contention herein is founded upon the theory that he was entitled to be treated as a surety upon the notes, and that it was bad faith for the bank to obtain a deed of trust from the company to secure other claims of the company without at the same time procuring like security to protect the plaintiff as indorser upon the notes held by the bank. This contention is not tenable. The bank was not prohibited from entering into other contracts with the company in respect to other unrelated matters because of its ownership of the indorsed notes. Nor was it prevented from making future loans to the company and of obtaining security therefor by means of a deed of trust upon its property. Nor was it incumbent upon the bank in case it entered into any such transaction to notify the plaintiff of its intention to do so.

Nor does it appear that the bank had any part in the transaction which led the plaintiff to accept from the company the notes which he afterwards indorsed to the bank.

Even if it be assumed that the rights of the plaintiff as indorser of the notes were similar to the rights of a surety upon them, nevertheless no fact is disclosed in the bill which would release the plaintiff from liability thereon. It does not appear that there was any failure in respect to demand and notice as required by law, nor that the bank extended the time for the payment of the notes, nor that it released any security which it had for the protection of the notes, nor that any transaction in which the bank engaged with the William A. Hill Company bore any direct relation to the notes nor to the liability of the plaintiff as indorser upon them.

It is held in Eyre v. Everett, 2 Russell 382, that the liability of a surety in a bond is not discharged by the delay of the creditor in suing for the debt, or by the circumstance of the principal debtor afterwards executing to the creditor another bond for a large sum. In Thornton v. Thornton, 63 N. C. 211, it appears that a creditor who was an attorney obtained as attorney for other creditors an adjudication in bankruptcy against the principal debtor, and thus prevented a lien from attaching on part of his property. It was held a surety upon the debt due the attorney was not discharged thereby; that the action of the attorney was lawful, and even if it worked an injury to the surety he could not complain. In Royse v. Winchester Bank, 148 Ky. 368, 146 S. W. 738, it appears that Hensley and Royse executed their note to the bank. The bank then filed suit against them to recover on the note, and the defendant Royse, among other things, alleged in his answer that he was the surety of Hensley and that without his knowledge or consent and by collusion with Hensley the bank procured from Hensley a mortgage covering all of Hensley's property; that Hensley was then insolvent; that the bank induced Hensley to make the mortgage with the intention of injuring him as surety; that it thereby increased his risk as surety and prevented him from securing indemnity from Hensley and put it out of Hensley's power to pay the note. The court overruled this defense with the following statement: "Although the bank held the note of Hensley upon which Royse was surety, it had a perfect right to take from Hensley a mortgage to secure it in another debt which he owed it for another loan made by it. The rule that the creditor can do nothing that will

prejudice the surety has no application to another and independent transaction. The creditor may not bind himself to give time on a debt without the consent of the surety or make an arrangement with the principal in regard to the debt to the prejudice of the surety, but he may have transactions with the principal concerning other matters, and he has the same right to take a mortgage to secure his other debts as any other creditor has."

We have examined with care the authorities cited by the plaintiff in support of his bill. We think it unnecessary to discuss them in detail, for in our opinion they fail to support the plaintiff's claim herein.

The decree of the lower court is affirmed, with costs.