Patrick F. HANNAN, Appellant, v. Cary A. HARDEE, Receiver of Federal-American National Bank & Trust Company of Washington, a Corporation.

No. 5935.

Court of Appeals of the District of Columbia.

Argued Jan. 12, 1934.

Decided Feb. 12, 1934.

H. Winship Wheatley and H. Winship Wheatley, Jr., both of Washington, D. C., for appellant.

H. S. Ward, Huston Thompson, Leon Tobriner, B. U. Graham, Selig C. Brez, and Walter N. Tobriner, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment of the Supreme Court of the District of Columbia entered under the seventy-third law rule providing for summary judgment upon affidavit in actions ex contractu.

The issue in this case is substantially identical with that in case No. 5934 upon our docket (Hannan v. Hardee, 63 App. D. C. 76, 69 F.(2d) 394), and arises between the same parties. Our decision in that case is handed down concurrently herewith and may be read together with this decision.

The present action was brought by the Federal-American National Bank & Trust Company, hereinafter called the bank, to recover judgment against Patrick F. Hannan upon his liability as indorser of certain promissory notes, which were executed by the William A. Hill Company, made payable to the order of Hannan, and were indorsed by him to the bank. An affidavit in support of the declaration was duly filed by plaintiff therewith.

In the former case, Hannan, as plaintiff, filed a bill in equity setting out grounds for which he alleged that his indorsement upon the promissory notes in question has become null and void, and praying for an injunction to prevent the bank from bringing suit thereon. The bank filed a motion in that case to strike the bill of complaint for want of merit. The motion was sustained, and Hannan not desiring to amend the bill, a final decree upon the issue involved therein was entered against him.

In the present case the action is brought by the bank to recover judgment upon the indorsement made by Hannan upon the notes in question. A plea was filed by Hannan setting out the facts upon which he relied in the former case as a bar to recovery of judgment against him.

Under the decision in the former case the plea of Hannan filed herein is without merit, and the plaintiff is entitled to judgment upon his indorsement in manner and form as set out in our former decision. The lower court entered judgment against Hannan for the amount appearing due upon the indorsement, and accordingly we hereby affirm that judgment with costs.

Judgment affirmed.