**SNIDER v. KELLY et al.**

No. 8231.

United States Court of Appeals for the
District of Columbia.

Decided April 26, 1943.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellant.

Mr. Thomas S. Jackson, of Washington, D. C., with whom Messrs. Louis M. Denit and John L. Laskey, both of Washington, D. C., were on the brief, for appellees other than Hilda F. Kelly and Vida Clyde Kelly.

Mr. Irving Wilner, of Washington, D. C., for appellees Hilda F. Kelly and Vida Clyde Kelly.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

On February 23, 1938 appellant sued appellee Vida Ruth Kelly to recover on a promissory note. On March 1, 1938 appellee conveyed all her interest in real property, situated at 1608-17th Street, N. W., in Washington, D. C., to her brother James Merrill Kinsell, without consideration. On November 14, 1938 judgment was entered in favor of appellant, and against appellee, in his action on the promissory note; execution was issued, but without avail. On November 28, 1938 appellant commenced action in the District Court to set aside the conveyance from appellee to her brother. From a judgment in favor of appellees, this appeal was taken.

Relying upon Section 12—401 of the District of Columbia Code,[1] appellant contends that the conveyance by appellee

---

[1] D.C.Code (1940) § 12—401; D.C.Code (1924) § 1120: "Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands or rents and profits issuing from the same, or in goods or things in action, and every charge upon the same, and every bond or other evidence of debt given, or judgment or decree suf-

to her brother was fraudulent and void; that the only possible defense available to a debtor under such circumstances is to prove a sale to an innocent third person, for a valuable consideration; that, as the conveyance was made without consideration, appellee's intention was immaterial. But the Code section is not properly susceptible of that interpretation. It provides expressly that the question of fraudulent intent is one of fact and not of law.[2]

■ When the issue is presented to a trial court, its duty is to determine, from the facts and circumstances surrounding the transactions of the parties, whether the proscribed intent was present: in doing so, it should apply the rule that parties intend the natural and probable consequences of their acts; and "if the *inevitable consequences* of a conveyance are to hinder, delay, 'or defraud creditors, the court must so hold notwithstanding the denial of such intent by the parties to such conveyance." [3] [Italics supplied.] If, on the other hand, it appears, from all the facts and circumstances surrounding the case, that the acts of the parties are consistent with an honest purpose, then it is not an inevitable consequence that the conveyance will hinder, delay or defraud creditors, and the court should find accordingly. Even if a transaction is, on its face, presumptively fraudulent, nevertheless it is susceptible of explanation.[4] As the Supreme Court has said: "Fraud is always a question of fact with reference to the intention of the grantor. Where there is no fraud, there is no infirmity in the deed. Every case depends upon its circumstances, and is to be carefully scrutinized. But the vital question is always the good faith of the transaction. There is no other test." [5]

■ The circumstances of this case indicate that appellee Vida Ruth Kelly was not the owner of the property in dispute, or of any part of it. At best, she had a claim which, in the hands of appellant, might have had some nuisance value as a cloud upon the title. The real owner was James Merrill Kinsell. The deed from his sister to him was of the nature of a quitclaim to clear her brother's title. She testified that she never had any claim to the property; that she was not giving away anything that she had ever possessed; that the property belonged to her brother, as she well knew. The evidence was ample to support the findings of the court and we find no reason to question their correctness[6] or the correctness of its conclusion that appellant failed to sustain the allegations of his complaint; that the conveyance made by Vida Ruth Kelly to her brother was not fraudulent or with the intent of preventing appellant from satisfying his judgment against her. We agree with the trial court that the acts of the parties to the conveyance are entirely consistent with an honest purpose, and that the conveyance was not in violation of the statute.

Affirmed.

---

fered, *with the intent to hinder, delay, or defraud creditors* or other persons having just claims or demands of their lawful suits, damages, or demands, shall be void as against the persons so hindered, delayed, or defrauded: *Provided,* That nothing herein shall be construed to affect or impair the title of a purchaser for a valuable consideration, unless it shall appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor: *Provided further,* That the question of fraudulent intent shall be deemed a question of fact and not of law." [Italics supplied in part.]

[2] Merillat v. Hensey, 32 App.D.C. 64, 72, affirmed 221 U.S. 333, 31 S.Ct. 575, 55 L.Ed. 758, 36 L.R.A.,N.S., 370, Ann. Cas.1912D, 497.

[3] Barber v. Wilds, 33 App.D.C. 150, 155.

[4] Merillat v. Hensey, 32 App.D.C. 64, 72, affirmed 221 U.S. 333, 31 S.Ct. 575, 55 L.Ed. 758, 36 L.R.A.,N.S., 370, Ann.Cas. 1912D, 497; Barber v. Wilds, 33 App.D. C. 150, 158.

[5] Lloyd v. Fulton, 91 U.S. 479, 485, 23 L.Ed. 363.

[6] See Federal Rules of Civil Procedure, Rule 52, 28 U.S.C.A. following section 723c; Klimkiewicz v. Westminster Deposit & Trust Co., 74 App.D.C. 333, 122 F.2d 957, certiorari denied 315 U.S. 805, 62 S.Ct. 633, 86 L.Ed. 1204.