**J. R. BEATON CO., Inc., v. BERBERICH et al.**

**No. 8132.**

United States Court of Appeals for the District of Columbia.

Decided April 30, 1943.

Mr. Arthur J. Hilland, of Washington, D. C., with whom Mr. DeWitt S. Hyde, of Washington, D. C., was on the brief, for appellant.

Mr. Vincent L. Toomey, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER, and VINSON, Associate Justices.

MILLER, Associate Justice.

On April 23, 1934, appellant recovered judgment against appellee Joseph A. Berberich; but was unable to satisfy the same. On December 16, 1937, seeking to reach three alleged assets of that appellee, it brought suit in equity, not to enforce a lien of judgment,[1] but to declare void certain transfers of title, and of interests, from appellee Joseph A. Berberich to other persons, who also appear as appellees on this appeal. Appellant relies upon Section 12—401 of the District of Columbia Code[2] and the case turns upon the application of that section.

■ In connection with each conveyance or transfer, which appellant challenged, it was necessary to determine, as a question of fact, whether Joseph A. Berberich's intention was to hinder, delay, or defraud his creditor, appellant. In making such a determination, certain rebuttable presumptions go into the balance, in favor of the creditor; but if it appears, from all the facts and circumstances surrounding the case, that the challenged acts of the parties to the conveyance are consistent with an honest purpose, then the presumptions are overcome.[3] Every case depends upon its own circumstances, and the vital question is always the good faith of the transaction.[4]

■ The able and experienced judge who tried the case concluded, from the circumstances revealed by the evidence, and his observation of the witnesses, that all the transactions, here involved, were consistent with an honest purpose, and were free from fraud and wrongdoing. A careful examination of the record suggests to us no valid reason for questioning his determination.

Affirmed.

---

[1] D.C.Code (1940) § 15—103; D.C. Code (1924) § 1214.

[2] (1940) § 12—401; D.C.Code (1924) § 1120.

[3] See Snider v. Kelly, —— U.S.App.D. C. ——, 135 F.2d 817, decided Apr. 26, 1943, and authorities there cited.

[4] Lloyd v. Fulton, 91 U.S. 479, 485, 23 L.Ed. 363; McDaniel v. Parish, 4 App.D.C. 213, 216: "But if the form and design of the transaction assailed may be traced to an honest and legitimate source equally as to a corrupt and fraudulent one, the former should in all cases be preferred."