BARRETT CO. et al. v. KOPPERS CO. et al.

KOPPERS CO. et al. v. BARRETT CO. et al.

Circuit Court of Appeals, Third Circuit.
September 30, 1927.

Rehearing Denied November 9, 1927.

Nos. 3517, 3518.

1. Patents ⊜⟹91(3)—On issue of priority in interference proceeding, party should produce all available evidence.

In an interference contest between two claimants to the same invention, on an issue of priority each is expected to produce all the testimony he has on that issue, and if for some reason of his own a party withholds evidence that is available to him, he must be regarded as having abandoned that evidence.

2. Patents ⊜⟹114—Party who withheld evidence in interference proceeding is estopped to offer it in subsequent suit to obtain patent.

In a suit under Rev. St. § 4915 (35 USCA § 63 [Comp. St. § 9460]), to obtain a patent, complainant is estopped to offer evidence to overcome the decision of the patent office tribunals and the Court of Appeals of the District of Columbia, which was wholly within his possession and control at the time of an interference proceeding, but which he withheld in that proceeding.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Suit in equity by the Barrett Company and Clark M. Dennis against the Koppers Company and Marc Darrin. From the decree, both parties appeal. Affirmed.

R. T. M. McCready, of Pittsburgh, Pa. (W. B. Morton, of New York City, of counsel), for Barrett Co.

Byrnes, Stebbins & Parmelee, of Pittsburgh, Pa. (George E. Stebbins, of Pittsburgh, Pa., and Henry Love Clarke, of Baltimore, Md., of counsel), for Koppers Co.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The invention in controversy is a process for the manufacture of artificial resin whose novel feature is the addition of an intermediate step to the previously known polymerization process involving an acid treatment and distillation whereby certain impurities which affect the color of the resin are removed. Marc Darrin conceived and reduced the invention to practice on July 1, 1918, and filed an application for a patent on September 6 of the same year. On March 16, 1919, patent No. 1,297,328 issued to his assignee, the K. Koppers Company, one of the defendants in this action.

On May 6, 1919, Clark M. Dennis filed an application for a patent for the same invention covered by six claims which he had copied from the Darrin patent. The Patent Office declared an interference on six counts framed upon those claims. In the interference Dennis and the Barrett Company, a corporation to which he had assigned his rights in his patent application, claimed that he had conceived the invention and had, in the laboratory, reduced it to practice in the latter part of the year 1916, but expressly refused to disclose and to allow their witnesses to answer questions which would disclose subsequent commercial practices. Regarding Dennis' laboratory work merely as experiments and having nothing more before them to show actual reduction to practice, the Examiner of Interferences and then the Board of Examiners in Chief and finally the Commissioner of Patents all found that Dennis was first to conceive the invention but last to reduce it to practice, and, accordingly, awarded priority to Darrin. On appeal the Court of Appeals of the District of Columbia was of the same opinion and affirmed the decision of the last Patent Office tribunal. Then the Barrett Company and Dennis brought this action in the District Court under section 4915, R. S. (35 USCA § 63; Comp. St. § 9460) praying that the Commissioner of Patents be directed to issue to them, as inventor and assignee respectively, a patent on the Dennis application.

The record in the instant case consists of the record in the case before the Court of Appeals of the District of Columbia and, in addition, evidence of commercial practices to show actual reduction to practice through the year 1917 following the laboratory experiments of 1916 and for a year before Darrin's claimed date, the very subject-matter concerning which, at the interference hearings, witnesses for the Dennis application were asked questions and the Barrett Company forbade them to answer. The learned trial court held that the Barrett Company and Dennis were estopped to present this evidence for the purpose of overcoming the evidential effect of the decision of the Court of Appeals of the District of Columbia under the doctrine of Morgan v. Daniels, and, first dismissing the plaintiffs' bill, found on a counterclaim pleaded by the defendants that certain claims of the Darrin patent were valid and infringed and awarded an accounting but refused an injunction. Both parties appealed, the defendants solely on the court's refusal to issue an injunction against future infringement by the plaintiffs.

Although at the argument on appeal several shadowy issues were raised, we shall confine our discussion and decision to the one question; whether the plaintiffs by withholding evidence at the interference proceeding which was then in their possession and control are estopped to present that evidence in this action to overcome the decision of the Court of Appeals and thereafter obtain a patent. As there are no precedents directly or remotely bearing on this question, we shall decide it on principle.

Experience has shown that two men wholly unknown to each other may at different times make the same invention. Certainly both are not entitled to patents, for a patent issues only to the first and original inventor. To meet such a case the law specifically provides a forum and a proceeding for hearing and deciding which was the first and original inventor and which, therefore, is entitled to a patent. Of such a proceeding Dennis availed himself when he applied for a patent and copied in his application claims of the Darrin patent already issued. As he intended, that created a situation where manifestly two persons were applying for patents for the same invention. The Patent Office, as expected, declared an interference between the two contestants to try just one issue,

namely, which was the first and original inventor. Into that interference the plaintiffs willingly entered; indeed, they deliberately provoked it. When there, they knew they had to satisfy the Patent Office that Dennis was not only the first to conceive the invention but also first to reduce it to practice. To prove the second essential they relied solely upon his laboratory experiments, refusing, as we have said, any disclosure of what they had later done in a practical commercial way.

[1] Having elected to stand on evidence which tribunal after tribunal found did not show reduction to practice, the plaintiffs now insist in this action under section 4915, R. S., that if Dennis was in truth the first and original inventor the law gives him a right to a patent and that nothing else matters. We do not agree with this. True, the law gives Dennis the right to a patent if he was the first and original inventor and if, as such, he has prosecuted his application in the way the law says he should. In a contest between two claimants to the same invention on an issue of priority each is expected to produce all the testimony he has on that issue so that the Patent Office tribunals and the courts may make right decisions. If for some reason of his own a party withhold evidence which is available to him and which he can produce at will but does not produce, then he must be regarded as having abandoned that evidence in its bearing on the issue under trial. When that issue is decided it is somewhat in the nature of res judicata as to the evidence withheld.

The law gave the plaintiffs a day in court on the issue of priority. That was the day the interference was heard and if they chose not to avail themselves of their full rights but to gamble on the decision by giving only a part, and the weaker part, of the evidence they had in hand, they did it at their own risk. After losing on such evidence in what otherwise would be a train of futile appeals in the patent tribunals and Court of Appeals of the District of Columbia they cannot come into a District Court and say, now for the first time we shall tell the true story of reduction to practice and demand a patent.

The law has established Patent Office tribunals peculiarly qualified to try issues of priority of invention, and to the decisions of the Court of Appeals of the District of Columbia in appeals from the last tribunal on such issues, the Supreme Court, in Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657, has given a peculiar quality and high authority. When, as in this case, a party has refused to produce evidence for consideration by the Court of Appeals of the District of Columbia and then in the statutory action under section 4915, R. S., produces that very evidence to overcome the effect of that court's decision, he comes very close to trifling with the courts' processes. If in this case the Court of Appeals of the District of Columbia was wrong it was because the plaintiffs purposely kept it in the dark. If now this court were in effect to reverse the decision of that court on evidence brought to light for the first time, we should be assisting the plaintiffs to profit by their own technical wrong doing.

[2] We are, of course, familiar with the doctrine of Morgan v. Daniels and are anxious that this decision should not be construed by the casual reader as weakening or in any way affecting that doctrine in its integrity. Particularly are we anxious that no one should think that we hold that any evidence not before the Court of Appeals of the District of Columbia is inadmissible in an action under section 4915, R. S. Such a notion would destroy the action given by section 4915, R. S. and throw overboard the whole doctrine of Morgan v. Daniels. Specifically our decision is that the plaintiffs in this action under section 4915, R. S., are estopped to offer evidence which was wholly within their possession and control at the interference proceeding and which they withheld from that proceeding and, therefore, withheld from the other patent tribunals and the Court of Appeals of the District of Columbia, and thereby made it impossible for those tribunals and that court to render what they, the plaintiffs, now maintain is the right decision.

With this evidence rejected the record contains only that which was before the Court of Appeals of the District of Columbia and therefore it contains nothing to overcome the decision of that court within the doctrine of Morgan v. Daniels.

Coming, finally, to the defendants' appeal it will be enough to say, first, that on the defendants' counterclaim the validity of the claims of the patent in suit must (as between the parties) be sustained, patentability being conceded on the plaintiffs' demand for a patent covering the same invention and priority of invention being found for the defendants; and, second, that while the plaintiffs still have machinery and appliances with which further to infringe the defendants' patent, constituting in a sense a potential threat, yet there is the fact that the plaintiffs stopped infringing upon notice and have

not since resumed it, nor have they done anything that amounted to an actual threat again to infringe. The situation as to the need of an injunction therefore is one more properly for the trial court charged with the administration of the law rather than for this court under its power to review errors in law.

The decree of the District Court is in all respects affirmed, costs of the appeal and cross-appeal to be taxed respectively against the parties appealing.