**WRIGHT v. RUNGE et al.**
No. 67095.

District Court of the United States for the District of Columbia.
Dec. 12, 1939.

H. L. Godfrey and T. Hayward Brown, Department of Justice, both of Washington, D. C., for plaintiff.

Richard A. Ford and Chester L. Davis, both of Washington, D. C., for defendant.

BAILEY, Justice.

At the beginning of the hearing of this case, counsel for the defendants conceded that the plaintiff was entitled to a date in 1931 as a date of conception. At the conclusion of the testimony he also conceded that the new evidence offered by the plaintiff established a reduction to practice before

October 12, 1932, the earliest date claimed by the defendant.

The introduction by the plaintiff of evidence which he had not offered in the Patent Office interference was objected to by the defendant, so that the only question to be decided is whether or not that testimony was properly admitted.

The authorities relied upon by the defendant are Barrett v. Koppers Co., 3 Cir., 22 F.2d 395, in which there had been a deliberate suppression of evidence in the proceedings in the Patent Office, and Perkins v. Lawrence Sperry Aircraft Company, D. C., 57 F.2d 719, in which there had been a failure to offer evidence which might have been produced had more diligence been exercised.

In the instant case the witness Heaton (who did not testify before the Patent Office) was away from Washington on his vacation from June 9, 1936, to July 11, 1936, the testimony offered by the plaintiff before the Patent Office extending from June 17 to July 17.

Dr. McIlwraith, another witness for the plaintiff whose testimony was not taken in the Patent Office proceeding, was on the ship Hydrogapher basing at New Orleans during the time for taking testimony in the Patent Office.

Dr. Kear's testimony might also have been taken during that time.

The defendant contends that the proceedings before this court in suits of this kind are similar to new trials in equity, and that evidence offered here, not offered in the Patent Office, must be newly discovered evidence which could not have been produced before the Patent Office had reasonable diligence been exercised. I cannot agree with this contention. By the terms of the Statute the trial in this court is a trial de novo; it is not an appeal from the Patent Office tribunals as would be the case were the hearing before the Court of Customs and Patent Appeals. It is not necessary for the plaintiff to obtain leave of court to bring suit, but he can do so as a matter of right. It has been the constant practice in the ordinary suit to authorize the Commissioner of Patents to issue a patent, for the plaintiff to introduce evidence which had not been offered in the Patent Office, without any showing that he might have offered it in the Patent Office.

It may well be that the plaintiff might be estopped from offering testimony here that he had suppressed in the Patent Office, but the mere failure to exercise the highest degree of diligence in producing evidence before the Patent Office would not, in my opinion, prevent its introduction here.

While it might have been possible in the instant case for the plaintiff to have procured some of the evidence introduced here before the Patent Office, I do not think that his failure to do so estopped him from offering it here. There is no showing that the defendant was surprised as to its introduction, nor that he could produce evidence to overcome its effect.

I think that this evidence was properly admitted and that the plaintiff is entitled to the relief sought. See Harper v. Zimmermann, D.C., 41 F.2d 261; Westinghouse Electric & Mfg. Co. v. Radio Corporation of America, D.C., 24 F.Supp. 933, and other cases cited by the plaintiff.