## KISLYN CORPORATION v. EASTMAN KODAK CO.

District Court, D. New Jersey,

Feb. 25, 1942.

Gifford, Scull & Burgess, and Newton A. Burgess, all of New York City, for plaintiff.

Pennie, Davis, Marvin & Edmonds, and W. B. Morton, all of New York City, for defendant.

SMITH, District Judge.

This is a suit under R.S. § 4915, 35 U.S.C.A. § 63, by the Kislyn Corporation, assignee of one Kurt Rantsch, against the Eastman Kodak Company, the assignee of one John G. Capstaff, to establish the priority of invention and the right to a patent.

The said Kurt Rantsch, the senior party, filed his application, Serial No. 689,336, in the United States Patent Office on September 14, 1933; the said John G. Capstaff, the junior party, filed his application, Serial No. 703,268, in the United States Patent Office on December 20, 1933. It was thereupon determined that claims No. 14, 5 and 8 of the Rantsch application, and claims No. 6, 15 and 16 of the Capstaff application, were directed to common patentable subject matter, and an interference was declared. The junior party, Capstaff, presented testimony in proof of the ultimate facts hereinafter summarized; the senior party, Rantsch, presented no testimony, but, under R.S. § 4887, 35 U.S.C.A. § 32, elected to rely on the filing date of a corresponding German application, to wit, July 6, 1933, for his date of conception and constructive reduction to practice. The Examiner of Interferences awarded priority to Rantsch; on appeal, however, the Board of Appeals awarded priority to Capstaff.

The plaintiff offers no testimony in the instant case, but, as did Rantsch in the interference, relies on the filing date of the German application for the date of conception and constructive reduction to practice. This proof fails to overcome the evidential effect and weight of the decision of the Patent Office as expressed by the Board of Appeals. The rule enunciated by the Supreme Court in Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657, is particularly applicable. The question of priority is one of fact, and its determination by the Patent Office, although not decisive, is persuasive, and must be accepted as controlling, unless the contrary is established by testimony which in character and amount carries thorough conviction. Abbott et al. v. Coe, 71 App.D.C. 195, 109 F.2d 449; Nichols v. Minnesota Mining & Manufacturing Co., 4 Cir., 109 F.2d 162; Century Distilling Co. v. Continental Distilling Co., 3 Cir., 106 F.2d 486; Cleveland Trust Co. v. Berry et al., 6 Cir., 99 F.2d 517; General Talking Pictures Corp. et al. v. American Tri-Ergon Corp. et al., 3 Cir., 96 F.2d 800. The decision of the Patent Office is presumptively correct, and the presumption may be overcome only by clear and convincing proof of palpable error. Abbott et al. v. Coe; Century Distilling Co. v. Continental Distilling Co.; General Talking Pictures Corp. et al. v. American Tri-Ergon Corp. et al., all supra; Bayer v. Rice et al., 64 App. D.C. 107, 75 F.2d 238; Powell v. McNamara, 2 Cir., 74 F.2d 750; Syracuse Washing Machine Corp. et al. v. Vieau et al., 2 Cir., 72 F.2d 410. A careful examination of the record fails to reveal such error; in fact, it is the opinion of the Court that the decision of the Patent Office was amply supported by the evidence.

It is contended by the plaintiff that the Act of March 2, 1927, 44 Stat. 1336 (the 1927 amendments), abrogated the rule enunciated by the Supreme Court in the case of Morgan v. Daniels, supra. The contention is untenable; it is well established that the rule remains unaffected and is still applicable. Nichols v. Minnesota Mining & Mfg. Co.; Century Distilling Co. v. Continental Distilling Co.; General Talking Pictures Corp. et al. v. American Tri-Ergon Corp. et al.; Powell v. McNamara; Syracuse Washing Machine Corp. et al. v. Vieau, et al., all supra. A full discussion of the question appears in the case of General Talking Pictures Corp. et al. v. American Tri-Ergon Corp. et al.

The defendant, not content to rest upon the record in the Patent Office, presents further testimony, which the plaintiff moves to exclude. The plaintiff, relying on Barrett Co. et al. v. Koppers Co. et al., 3 Cir., 22 F.2d 395, argues that the defendant is estopped from offering additional testimony in the instant case. The argument does violence, not only to the statutory provisions, but to the decision upon which the plaintiff relies. This is a trial de novo and the statute under which the suit is brought expressly provides that the record in the Patent Office shall be admitted "without prejudice * * * to the right of the parties to take further testimony." Nichols v. Minnesota Mining & Mfg. Co.; General Talking Pictures Corp. et al. v. American Tri-Ergon Corp. et al.; Powell v. McNamara, all supra; American Steel & Wire Co. v. Coe, 70 App.D.C. 138, 105 F.2d 17; Globe-Union Inc. et al. v. Chicago Telephone Supply Co. et al., 7 Cir., 103 F.2d 722. The additional testimony here presented is corroborative and strengthens the defendant's claim to priority. The rule of Barrett Co. et al. v. Koppers Co. et al., is not applicable.

The ultimate issue presented for determination is comparatively simple, and, therefore, in the opinion of the Court, an extensive discussion of the evidence is unnecessary.

### Findings of Fact.

I. The plaintiff is the sole owner, under an assignment, of the invention described in the application, Serial No. 689,336, of one Kurt Rantsch, filed in the United States Patent Office on September 14, 1933; the defendant is the sole owner, under an assignment, of the invention described in the application, Serial No. 703,268, of one John G. Capstaff, filed in the United States Patent Office on December 20, 1933.

II. Claims No. 14, 5 and 8 of the said Rantsch application, and Claims No. 6, 15 and 16 of the said Capstaff application, are directed to common patentable subject matter, which is adequately defined in Counts 1 and 3 of the Declaration of Interference as follows:

"Count 1: An optical combination comprising an objective adapted for use for goffered film in color photography, a color selecting screen in front of said objective

and having a plurality of different filter elements, and a beam splitter having a light dividing surface and reflecting surface in optical alinement with two adjacent filter elements respectively."

"Count 3: The method of photographing an object upon a lenticulated film which comprises collecting light from said object and separating it into a plurality of beams, filtering said beams to produce differing color values whose sum gives substantially the effect of white light, and focusing said beams into a single image upon said film."

The said counts were apparently abstracted from the Rantsch application and are identical with Claims 14 and 8 thereof.

III. The plaintiff, claiming priority of invention, relies, under R.S. § 4887, 35 U.S.C.A. § 32, upon the filing date of a corresponding German application, to wit, July 6, 1933, for the date of conception and constructive reduction to practice. The right of the plaintiff to avail itself of the said date is not disputed.

IV. The invention in issue, however, was conceived by the said Capstaff and disclosed to persons skilled in the art prior to July 6, 1933, to wit, on May 6, 1933, if not prior thereto. The conception was thereafter pursued with due diligence until there was an actual reduction to practice between July 14 and July 24, 1933, during which period of time the invention was successfully used.

V. The said date of conception is conceded; the plaintiff, however, contends that the conception was not "coupled with the required diligence." The proofs fail to sustain the contention. It clearly appears from the undisputed testimony and the documentary evidence that the conception was energetically pursued by Capstaff and his associates from the time of disclosure until the actual reduction to practice, and, in fact, thereafter, until the application was filed. Thus, it necessarily follows that even in the absence of an actual reduction to practice, the defendant might well rely upon the constructive reduction to practice on the latter date, December 20, 1933.

## Conclusions of Law.

I. The said John G. Capstaff is the original and first inventor of the invention defined in the three counts in issue, and his assignee, Eastman Kodak Company, the defendant herein, is entitled to a patent thereon.

II. A judgment in favor of the defendant and against the plaintiff shall be entered forthwith, and the costs shall be taxed.