Justice Sotomayor,
with whom Justice Breyer joins, concurring.
As the Court today recognizes, a litigant in a 35 U. S. C. § 145 proceeding is permitted to introduce evidence not presented to the Patent and Trademark Office (PTO) “ ‘according to the ordinary course of equity practice and procedure.’ ” Ante, at 441 (quoting Butterworth v. United States ex rel. Hoe, 112 U. S. 50, 61 (1884)). Dating back to § 145⅛ original predecessor, Congress contemplated that courts would manage such actions “according to the course and principles of courts of equity.” Act of July 4,1836, § 17, 5 Stat. 124. And this Court and other courts have acknowledged and applied that principle on numerous occasions. See, e. g., Gandy v. Marble, 122 U. S. 432, 439 (1887) (describing Rev. Stat. § 4915 (R. S. 4915) proceeding as “a suit according to the ordinary course of equity practice and procedure”); In re Hien, 166 U. S. 432, 438 (1897) (same); In re Squire, 22 F. Cas. 1015, 1016 (No. 13,269) (CC ED Mo. 1877) (in an R. S. 4915 proceeding, the parties were “at liberty to introduce additional evidence” under “the rules and practice of a court of equity”); ante, at 441, 443, n. 4 (citing same cases).
*447 Consistent with ordinary equity practice and procedure, there may be situations in which a litigant’s conduct before the PTO calls into question the propriety of admitting evidence presented for the first time in a § 145 proceeding before a district court. The most well-known example was presented in Barrett Co. v. Koppers Co., 22 F. 2d 395, 396 (CA3 1927), a case in which the Barrett Company, during proceedings before the Patent Office, “expressly refused to disclose and to allow their witnesses to answer questions” essential to establishing the priority of its invention. After the Patent Office ruled against it, the Barrett Company attempted to present in a subsequent R. S. 4915 proceeding “the very subject-matter concerning which .... witnesses for the [patent] application were asked questions and the Barrett Company forbade them to answer.” Ibid. The Third Circuit understandably found the Barrett Company estopped from introducing evidence that it had “purposely” withheld from prior factfinders, lest the company be allowed “to profit by [its] own . . . wrong doing.” Id., at 397. See also Dowling v. Jones, 67 F. 2d 537, 538 (CA2 1933) (L. Hand, J.) (describing Barrett as a case in which “the Third Circuit refused to consider evidence which the inventor had deliberately suppressed”).
For the reasons the Court articulates, §145 proceedings are not limited to the administrative record developed • before the PTO and applicants are entitled to present new evidence to the district court. Accordingly, as Judge Hand suggested, a court’s equitable authority to exclude evidence in such proceedings is limited, and must be exercised with caution. See Dowling, 67 F. 2d, at 538 (describing as “doubtful” the proposition that a court should exclude evidence that was “not suppressed, but merely neglected,” before the Patent Office). Thus, when a patent applicant fails to present evidence to the PTO due to ordinary negligence, a lack of foresight, or simple attorney error, the applicant should not be estopped from presenting the evidence for the first time in a § 145 proceeding.
*448 Because there is no suggestion here that the applicant’s failure to present the evidence in question to the PTO was anything other than the product of negligence or a lack of foresight, I agree that the applicant was entitled to present his additional evidence to the District Court. But I do not understand today’s decision to foreclose a district court’s authority, consistent with “The ordinary course of equity practice and procedure,’ ” ante, at 445 (quoting Butterworth, 112 U. S., at 61), to exclude evidence “deliberately suppressed” from the PTO or otherwise withheld in bad faith. For the reasons set out by the Court, see ante, at 445, an applicant has little to gain by such tactics; such cases will therefore be rare. In keeping with longstanding historical practice, however, I understand courts to retain their ordinary authority to exclude evidence from a § 145 proceeding when its admission would be inconsistent with regular equity practice and procedure.
With those observations, I join the Court’s opinion in full.