JOHN G. GRAHAM, PLAINTIFF IN ERROR, *v.* ALEXANDER BAYNE.

A statute passed by the State of Illinois, on 3d March, 1845, permits matters both of fact and law to be tried by the court, if both parties agree.

Where a case was tried in the circuit court of the United States, in which both parties agreed that matters of law and fact should be submitted to the court, and it was brought to this court upon a bill of exceptions which contained all the evidence, this court will remand the case to the circuit court with directions to award a *venire de novo.*

A bill of exceptions must present questions of law. Where there is no dispute about the facts, counsel may agree on a case stated in the nature of a special verdict. But to send the whole evidence up is not the same thing as agreeing upon the facts.

Even if a special verdict be ambiguous or imperfect, if it find but the evidence of facts and not the facts themselves, or finds but parts of the facts in issue, and is silent as to others, it is a mis-trial, and the court of error must order a *venire de novo.* They can render no judgment on an imperfect verdict or case stated.

THIS case was brought up by writ of error, from the circuit court of the United States for the district of Illinois.

It was an action of ejectment brought by Bayne against Graham, to recover the southeast quarter of section 15, in townships seven, range four east.

The circumstances under which the case came up are stated in the opinion of the court. It was argued by *Mr. Browning* for the plaintiff in error, and *Mr. Williams,* for the defendant; but as their arguments were directed to the merits of the case, which were not decided by this court, they are omitted.

Mr. Justice GRIER delivered the opinion of the court.

This case was tried in the circuit court for the district of Illinois, without the intervention of a jury, and under the following agreement of counsel:—

"Be it remembered, that upon the calling of this cause for trial, by the mutual agreement of the parties, and in accordance with the laws and practice of this State, a jury was waived, and both matters of law and fact were submitted to the court, upon the distinct understanding that the right of either party should be full and perfect to object to the admission of improper evidence, and to insist upon the admission of competent evidence, with the same privilege of excepting to the rulings of the court in either case, as though the cause were tried by a jury; and with the right to either party to avail himself in the supreme court of any erroneous ruling in this court, precisely as though the cause had been submitted to a jury, and with liberty to either party, if it should be necessary to a hearing of this cause in the supreme court, to treat the evidence in this cause in the nature of a special verdict."

The common law has been adopted by Illinois, and all the States except Louisiana. In that State, the courts of the United States have been compelled to adopt the forms of pleading and practice peculiar to the civil law and the code. That system knows no distinction between law and equity. All cases are tried alike, on petition and answer, with or without the intervention of a jury, as the parties may elect.

This court having separate jurisdiction, both in equity and law, is compelled to distinguish. They can review cases in common law by writ of error only, and on bills of exception presenting questions of law. The circuit courts may adopt the forms of pleading and practice of the state courts, but no state legislation can be applied to the practice of this court, and the mode in which causes shall be brought into it for review.

The very numerous cases on this subject, (from Field v. United States, 9 Pet. 182, to Arthurs and Hart, 17 How. 6,) show the difficulties we have had to encounter in reconciling our modes of review to the civil code of practice as used in the courts of Louisiana.

But in the States governed by the common law, and where the circuit courts are not compelled to adopt every new code of practice invented for the benefit of state courts, there is no reason why the strict rules of the common law should be in anywise relaxed or changed in this court, to suit the anomalies in practice thus introduced in the circuit courts. That the courts of the United States should not be hasty in adopting new codes of practice, which attempt to ingraft the civil law system of plead-

ing and practice on the stalk of the common law, the cases of Butterworth *v.* Burnet, and Toby *v.* Randon, 11 How., most amply demonstrate.

The 11th section of the practice act of Illinois, (March 3, 1845,) permits matters both of fact and law to be tried by the court, if both parties agree.

Counsel may agree, as in this case, to submit both fact and law to the decision of the court; but they cannot, by agreement, introduce a new practice into this court, or compel us to adopt the provisions of the 22d section of the same act, as to the mode in which such cases shall be reviewed in error. The practice of this court is regulated by the common law and acts of congress only. See Bayard *v.* Lombard, 9 How. 530.

If the parties agree to submit the trial both of fact and law to the judge, they constitute him an arbitrator, or referee, whose award must be final and conclusive between them; but no consent can constitute this court appellate arbitrators. When the error alleged does not appear on the face of the record, or on a demurrer, a bill of exceptions to the ruling of the court on questions of law, either in admitting or rejecting testimony, or in their instructions to the jury, constitutes the only mode of bringing a case before this court for review.

It is true, that when there is no dispute as to the facts, counsel may agree on a case stated in the nature of a special verdict; and the judgment of the court below on such case stated, or verdict, may be reviewed here on a writ of error. See Stimpson *v.* The Railroad, 10 How. 329.

The counsel in this case have agreed, that " if it should be necessary to a hearing of this cause in the supreme court, to treat the evidence in the nature of a special verdict," this agreement may be good as between themselves, and point out the source from which the facts for a case stated, or special verdict, may be drawn, but it cannot compel this court to search through the evidence to find out the facts. The record exhibits the testimony and evidence laid before the judge. It is evidence of facts, but not the facts themselves as agreed or found. The court below decided that a certain deed given in evidence did not show sufficient " color of title " under the limitation law of Illinois. The act referred to requires not only " color of title," but a possession taken and held " in good faith," with payment of taxes. The question of " good faith " is one of fact, or of mixed fact and law, to be decided by the jury under proper instructions from the court. It is one necessary to be ascertained before the court can give a judgment.

Even if we should consent to review this loose statement of evidence as a case stated, it contains no finding or agreement

whatever as to this material fact. Where there is a case stated, or special verdict, the court of error must not only reverse the judgment below, if found erroneous, but enter a correct and final judgment.

If a special verdict be ambiguous, or imperfect—if it find but the evidence of facts, and not the facts themselves, or finds but part of the facts in issue, and is silent as to others, it is a mistrial, and the court of error must order a *venire de novo*. They can render no judgment on an imperfect verdict, or case stated. See Prentice *v*. Zane, 8 How. 484.

No mere agreement of counsel can substitute evidence of facts in place of facts, or require the opinion of this court on an imperfect statement of them. A writ of error cannot by these methods be converted into a chancery appeal, nor a court of error into appellate arbitrators.

The judgment of the circuit court is therefore reversed, and a *venire de novo* awarded.