BOSS et al. v. HARDEE.

No. 6849.

United States Court of Appeals for the District of Columbia.

Decided Sept. 20, 1937.

Frederic D. McKenney, John S. Flannery, and G. Bowdoin Craighill, all of Washington, D. C., for appellants.

Swagar Sherley, Charles F. Wilson, and Henry B. Weaver, Jr., all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

On February 28, 1933, the Commercial National Bank of Washington became insolvent. The appellee Hardee is the Receiver. The appellants, copartners engaged in the real estate business in Washington and vicinity, were, on the date mentioned, indebted to the Bank in the sum of $118,000.-00, evidenced by promissory notes, and secured by collateral. There was on the same date on deposit in the Bank in the name of the appellants, under certain account designations requested by them, the sum of $54,090 distributed as follows:

| General Account | $1,124.86 |
| Sales Department | 7,663.65 |
| Rent Department | 22,147.95 |
| Collection Account | 14,007.65 |
| Special Account | 1,987.07 |
| Insurance Department | 7,158.82 |
| | $54,090.00 |

After the Bank closed, the appellants made demand upon the Receiver[1] to set off the total of the deposits against the indebtedness, and demanded also the return of the collateral—this upon the theory that the set-off, together with certain other credits which had accrued for the appellants, would discharge the entire indebtedness thereby entitling them to the possession of the collateral. Except to the extent of $3,746.93, representing the sum of the amounts in the General Account and the Special Account, plus an adjusted Rent Department item of $635, the Receiver refused to make the set-off, and refused to return the collateral. The appellants then brought this action in equity to compel the Receiver to make the set-off and to return the collateral.

As a factual predicate for the relief sought the appellants asserted in their bill of complaint that the deposits in question were owing to them in their own right as partners. They relied as a matter of law upon D.C.Code (1929) tit. 24, § 411, providing for set-off of mutual debts and claims under contract, and upon Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L.Ed. 1059, to the effect that set-off is not forbidden, as a preference, by the National Banking Laws. The factual foundation of the Receiver's refusal to make the set-off and to return the collateral, was, as set out in the answer, that the deposits in question were the deposits of the appellants not in their own right, but as agents for their clients and customers. The Receiver relied as a matter of law upon Dakin v. Bayly, 290 U.S. 143, 54 S.Ct. 113, 78 L.Ed. 229, 90 A.L.R. 999, and like cases, to the effect that debts may not be set off as mutual unless they stand in the same legal right.

At the trial witnesses were called by both parties, and documentary evidence was introduced. At the close of the hearing the trial court made certain purported findings of fact, followed by a conclusion of law that:

"Plaintiffs' [appellants'] accounts designated as Sales Department, Rent Department, Collection Account and Insurance Department, on deposit in the Commercial National Bank, aggregating $50,343.07,[2] when the Bank was placed in the hands of the Receiver on February 28, 1933, were trust accounts and plaintiffs are not entitled to have such deposits set-off against plaintiffs' indebtedness to said Bank.

"Plaintiffs' bill of complaint should, therefore, be dismissed, with costs."
Thereupon a decree was entered dismissing the bill of complaint.

Examination of the purported findings of fact and of the pleadings and of the statement of the evidence contained in the bill of exceptions, discloses that the purported findings of fact are largely a repetition of parts of the bill of complaint, or of parts of the statement of evidence. There are no findings of ultimate facts, and we are unable to determine what ultimate facts the trial judge had in mind as a basis for his conclusions of law and decree. For example, there is no finding upon what, from the pleadings and briefs, is made to appear a crucial issue—the question whether the appellants were mere debtors, or whether, on the contrary, they

---

[1] The Receiver at the time of the demand was Robert C. Baldwin.

[2] $54,090.00 less $3,746.93.

were agents, of their clients. While there is in the evidence no conflict in the sense of a dispute of veracity or accuracy, except upon one point which is not stressed in the briefs, nevertheless the parties in their briefs interpret the evidence differently and it is this difference, rather than any serious dispute as to the law, that is at the bottom of the contest in the appeal.

We have examined the record, including the statement of the evidence and the purported findings of fact, with care, and have carefully considered also the briefs and the authorities therein cited, and we nevertheless feel unable to make a determination of the case upon the merits for lack of findings of fact.

The case will be greatly simplified for determination upon appeal by findings of fact, and through them we shall have the benefit of the resolution by the trial judge of the dispute between the parties as to the meaning of the evidence.

Rule 70½ of the Rules of Practice for the Courts of Equity of the United States (28 U.S.C.A. following section 723) provides, under the title Findings:

"In deciding suits in equity, including those required to be heard before three judges, the court of first instance shall find the facts specially and state separately its conclusions of law thereon; . . .

"Such findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the appellate court under rules 75 and 76."

We therefore remand this case to the trial court to make findings of fact. If upon reconsideration of the evidence for the purpose of making findings of fact it appears to the trial court necessary, for a complete determination of the case, to take further evidence or to allow amendments to the pleadings, leave is granted so to do. We remand the case under the authority of the following: Lawson v. United States Mining Co., 207 U.S. 1, 28 S.Ct. 15, 52 L. Ed. 65; Panama Mail S. S. Co. v. Vargas, 281 U.S. 670, 50 S.Ct. 448, 74 L.Ed. 1105; State Board of Tax Commissioners v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 75 L. Ed. 1248, 73 A.L.R. 1464, 75 A.L.R. 1536; Wyant v. Caldwell (C.C.A.) 67 F.(2d) 374; Edwards v. Holland Banking Co. (C.C.A.) 75 F.(2d) 713.

Remanded, with directions. Costs to be divided.