## GOODACRE v. PANAGOPOULOS et al.
### No. 7339.

United States Court of Appeals for the District of Columbia.

Decided March 4, 1940.

Rehearing Denied April 5, 1940.

Bion B. Libby, of Washington, D. C., for appellant.

P. H. Marshall, W. Cameron Burton, George C. Vournas, Thomas B. Heffelfinger, and John J. Carmody, all of Washington, D. C., for appellees.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from a judgment which approved and confirmed an auditor's report and awarded damages for breach of a covenant not to engage in the restaurant business.

On May 19, 1936, in a suit brought by appellees, the District Court entered a decree which enjoined appellant from operating Counter Lunch, at 945 9th Street N. W., in violation of a covenant which he had made when he sold to appellees a neighboring lunchroom which they operate. That decree is not here on appeal. It directed the auditor of the court to determine the damages, if any, which appellees had suffered, and to "report his findings and recommendations to this court." The auditor held protracted hearings and, on September 28, 1938, submitted his report. It consists al-

most entirely of excerpts from testimony, but it includes this language: "It appears that * * * Counter Lunch was opened on December 9, 1933, and unlawfully operated from that date until May 20, 1936 (a period of 2 years, 5 months and 12 days), when it was closed, in obedience to the foregoing decree of May 19, 1936. * * * After careful consideration of the entire testimony and evidence, the Auditor finds and reports to the Court, as follows: (a) That there was a marked decrease in the number of plaintiffs' customers and in the receipts of plaintiffs' business after the opening of said lunch room or restaurant known as Counter Lunch, located in premises No. 945 Ninth Street, Northwest; and that such decrease was caused almost entirely by the operation of said Counter Lunch. (b) That by reason and in consequence of the violation of the above-mentioned covenant by the defendant George L. Goodacre, as aforesaid, and the competition of said Counter Lunch, the plaintiffs have suffered and sustained damages in the sum of $9,000.00 (c) That no sufficient showing has been made in the evidence to entitle plaintiffs to an award of damages for loss of 'capital investment'." The auditor found further that the rule requiring an injured party to use all reasonable means to prevent or reduce his losses is inapplicable. There are no other findings of any sort; and those quoted are not differentiated as findings of fact or conclusions of law.

The District Court, on November 28, 1938, entered an order which merely overruled the appellant's objections to the auditor's report, adopted the report, and directed judgment for plaintiffs (appellees) against defendant (appellant) George L. Goodacre for $9,000 and costs.

In September, 1938, before the auditor's report was filed, the new Rules of Civil Procedure went into effect. 28 U.S.C.A. following section 723c. They govern "except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice in which event the former procedure applies."[1] Old Equity Rule 70½, 28 U.S.C.A. following section 723, provided that "In deciding suits in equity * * * the court of first instance shall find the facts specially and state separately its con-

[1] Rule 86.

clusions of law thereon." New Rule 52(a) provides that "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. * * *[2] The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court." The word "master" includes an auditor.[3] Rule 53(e) provides: "The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report."

 The District Court evidently failed to comply with the requirement of Rule 52(a) that it "find the facts specially and state separately its conclusions of law thereon." It does not follow that we must reverse the judgment. Like its predecessor, Equity Rule 70½, Rule 52(a) "is intended to aid appellate courts by affording them a clear understanding of the basis of the decision below."[4] We have held that, when this clear understanding is afforded, the judgment may stand although the rule is violated. Shellman v. Shellman, 68 App.D.C. 197, 198, 95 F.2d 108; Societé Suisse Pour Valeurs De Metaux v. Cummings, 69 App.D.C. 154, 99 F.2d 387. While the question is close, we think this case is within that principle. The finding that damages are $9,000 is little more than a finding that appellees ought to recover $9,000. But the auditor found, further, that these damages were suffered by reason of the violation of the covenant and the competition of Counter Lunch; and he found that the operation of Counter caused a marked decrease in appellees' customers and receipts. He does not say in terms, but it is a fair inference, that the damage was caused by this decrease, and not by increased expense for advertising, equipment, food, or service, or other items of which the record contains no evidence.

We do not understand Interstate Circuit, Inc., v. United States, to require reversal for a merely formal failure to comply with the rule. It is true that the Supreme Court there emphasized the fact that the District

Court did not "find the facts specially and state separately its conclusions of law as the rule[5] required."[6] But the vice of the findings there was not merely that they were informally made. Although the District Court, in its opinion, made many findings of underlying facts, it nowhere made some of the findings which the majority of the Supreme Court thought necessary to an understanding of the decree.

 We think the evidence supports the findings, and we find no prejudicial error. Helphenstine v. Downey, 7 App.D.C. 343.

Affirmed.

STEPHENS, Associate Justice.

In view of the clear requirements of Rules 52(a) and 53(e) of the Rules of Civil Procedure for the District Courts of the United States, and in view of the rulings of this court (Saginaw Broadcasting Co. v. Federal Communications Commission, 1938, 68 App.D.C. 282, 96 F.2d 554; Tri-State Broadcasting Co. v. Federal Communications Commission, 1938, 68 App. D.C. 292, 96 F.2d 564; Boss v. Hardee, 1937, 68 App.D.C. 75, 93 F.2d 234,) as to the function and necessity of findings of underlying facts as well as of ultimate facts, I think this case should be returned to the trial court for more specific findings upon the issues of causation of the damage, and for an itemization or statement of the formula or method according to which the total amount of damage was arrived at.

There are no express findings upon the issues of causation of the damage. The defendant contended that the damage, if any, was attributable to the opening of the "Western Lunch," the re-routing of the Capital Transit Company cars, the change in the character of the neighborhood, the closing of the Mount Vernon Savings Bank and a branch of the District National Bank, and the discontinuance of operation of the Washington, Baltimore and Annapolis Electric Railroad. What, if anything, the Auditor actually concluded on these issues we know only by inference from his statement that the decrease in the plaintiff's business "was caused almost entirely by the operation of said Counter Lunch." In my view, the Auditor should make express find-

---

[2] Cf. 46 Stat. 486, 28 U.S.C. § 773, 28 U.S.C.A. § 773.

[3] Rule 53(a).

[4] Shellman v. Shellman, 68 App.D.C. 197, 198, 95 F.2d 108, 109.

[5] Equity Rule 70½.

[6] 304 U.S. 55, 56, 58 S.Ct. 768, 769, 82 L.Ed. 1146.

ings on these topics. That is not the duty of the appellate court, and that is not a duty which the appellate court can properly perform because it has not heard the witnesses and cannot, therefore, resolve conflicts in the evidence.

Not only are there lacking express findings upon the issues of causation of damage, but also there is no itemization or explanation or statement of method or formula according to which the figure of $9,000 was reached.

If the Auditor did not rationalize the effect of the evidence in respect of the issues of causation of damage, and if he did not reach a conclusion according to some logical method in respect of the total amount of damage, he has not done his lawful duty. If he has rationalized the effect of the evidence and did proceed upon some logical process to reach the total figure, he should state his findings and his method in order that the parties and the appellate court may be advised thereof.

As we pointed out in Saginaw Broadcasting Co. v. Federal Communications Commission, supra:

"The requirement that courts, and commissions acting in a quasi-judicial capacity, shall make findings of fact, is a means provided by Congress for guaranteeing that cases shall be decided according to the evidence and the law, rather than arbitrarily or from extra legal considerations; and findings of fact serve the additional purpose, where provisions for review are made, of apprising the parties and the reviewing tribunal of the factual basis of the action of the court or commission, so that the parties and the reviewing tribunal may determine whether the case has been decided upon the evidence and the law or, on the contrary, upon arbitrary or extralegal considerations. When a decision is accompanied by findings of fact, the reviewing court can decide whether the decision reached by the court or commission follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact the reviewing tribunal can determine neither of these things. The requirement of findings is thus far from a technicality. On the contrary, it is to insure against Star Chamber methods, to make certain that justice shall be administered according to facts and law . . . ." [68 App.D.C. at 287, 96 F.2d at 559]

We described also in the same case the process which a trier of fact properly follows in reaching a decision—a process necessarily including at least four parts: the taking and weighing of evidence; the determination, from attentive consideration of the evidence, of facts of a basic or underlying nature; the inference, if warranted, from these basic facts, of the ultimate facts; and, finally, the reaching of a decision by application of the legal criterion.

I think that in the instant case there are insufficient findings of the basic or underlying facts. To the effect that a partial summary of facts is insufficient, see State Board of Tax Commissioners v. Jackson, 1931, 283 U.S. 527, 533, 51 S.Ct. 540, 75 L. Ed. 1248, 73 A.L.R. 1464, 75 A.L.R. 1536.