**KLIMKIEWICZ v. WESTMINSTER DEPOSIT & TRUST CO. et al.**

No. 7803.

United States Court of Appeals for the District of Columbia.

Argued June 4, 1941.

Decided Sept. 22, 1941.

George E. Sullivan and James E. Shifflette, both of Washington, D.C., for appellant.

Paul D. Taggart, of Silver Spring, Md., for appellees.

Before GRONER, Chief Justice, and MILLER, and VINSON, Associate Justices.

PER CURIAM.

In June, 1938, appellees filed their bill under Section 1 of Title 25, D.C.Code of 1929, to quiet title to certain real property claimed to be owned by them in the District of Columbia. The bill alleged that appellant Klimkiewicz was the only person having any claim, interest, or title adverse to appellees. Klimkiewicz answered and filed a counterclaim. In the pretrial proceeding it was agreed by the parties that appellees' claim of adverse possession was the sole issue in the case, and on the trial the District Judge made certain findings of fact, to the effect that appellees' decedent, M. Francis Yingling, and his predecessors in title have held actual, exclusive, continuous, open, notorious, and adverse possession for more than twenty years of the strip and parcel of land described in the bill of complaint and also that there was no evidence to support the counterclaim of appellant Klimkiewicz.

We have examined the record carefully and reach the conclusion that the findings of fact by the District Judge are supported by the evidence and should not be disturbed. Margery Katherine Miller, a witness for appellees, testified that her father, before her birth in 1869, enclosed the parcel in question with his land by means of a fence. Mrs. Miller inherited her father's property, and in 1926 she conveyed the parcel by deed to Joseph Donnelly, who sold it in 1929 to M. Francis Yingling, under whose will appellees are trustees. The testimony of Mrs. Miller and other witnesses shows that the enclosure of the land and various acts of possession, use, and occupancy continued from before 1869 until at least 1936. The acts of ownership shown are amply sufficient for the acquisition of a prescriptive title. Faulks v. Schrider, 72 App.D.C. 308, 114 F.2d 587; In re Ketchikan Delinquent Tax Roll, 9 Cir., 293 F. 577; Lockhart v. Tri-State Loan & Trust Co., 5 Cir., 268 F. 523; Ambrose v. Huntington, 34 Or. 484, 56 P. 513; Lamoreaux v. Creveling, 103 Mich. 501, 61 N.W. 783; Illinois Steel Co. v. Bilot, 109 Wis. 418, 84 N.W. 855, 85 N.W. 402, 83 Am.St.Rep. 905; Ger-

bracht v. Lake County, 328 Ill. 399, 160 N. E. 1; Abel v. Love, 81 Ind.App. 328, 143 N.E. 515.

■ Criticism is made of the District Court's findings of fact on the ground that they are mere statements of generalities or conclusions and do not meet the requirements of Rule 52 of the New Federal Rules, 28 U.S.C.A. following section 723c, but we think this criticism is not justifiable. The trial court is not required to make findings on all the facts presented and need only find such ultimate facts as are necessary to reach the decision in the case. Penmae Corp. v. Esterbrook Steel Pen Mfg. Co., D.C., 27 F.Supp. 86, 93; McGee v. Nee, 8 Cir., 113 F.2d 543. The judgment should stand if the opinion below gives the appellate court a clear understanding of the basis of the decision. Goodacre v. Panagopoulos, 72 App.D.C. 25, 110 F.2d 716; Brown v. Metropolitan Life Ins. Co., 69 App.D.C. 233, 100 F.2d 98; Societe Suisse Pour Valeurs De Metaux v. Cummings, 69 App.D.C. 154, 99 F.2d 387; Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108.

On the whole case, we are of opinion the judgment below was correct and should be affirmed.

Affirmed.