**RAINEY v. RAINEY.**

Nos. 8136, 8137.

United States Court of Appeals for the District of Columbia.

Decided Nov. 2, 1942.

Mr. Francis J. Kelly, of Washington, D. C., submitted the case on the brief for

---

appellant. Mr. Thomas J. Flynn, of Washington, D. C., was on the brief.

Messrs. Sumler R. Swancy and Alonzo Ware, both of Washington, D. C., entered appearances, but filed no brief, for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

On February 27, 1940, Hattie Rainey filed in the District Court her complaint for maintenance in Civil Action No. 5984, against Bennie Rainey. Thereafter, on June 7, 1940, Bennie Rainey filed in the District Court his complaint in Civil Action No. 7221 asking for an absolute divorce from Hattie Rainey. On June 17, 1941, the two cases were consolidated for trial. On September 11, 1941, a final decree was entered in Civil Action No. 7221 adjudging that "the allegations of the cause have been sustained by proof and the plaintiff, Bennie Rainey, be, and he hereby is granted a divorce a vinculo matrimonii from the defendant, Hattie Rainey, because of the desertion of the plaintiff by the defendant." On September 22, 1941, a decree was entered in Civil Action No. 5984 reading as follows: "This cause having come on for final hearing, consolidated with 7221 C. A. on September 9, 1941, testimony taken, and after consideration thereof it is this 22nd day of September, A. D., 1941 ordered and adjudged that said cause be and the same hereby is dismissed." Appeals were taken by Hattie Rainey in each of the two cases. No motion was made for consolidation in this court, but when the two appeals were reached on the hearing calendar, they were submitted together without argument.

Appellant relies upon the following points: "1. The decree granting divorce to the appellee was contrary to the pleadings in that the complaint alleged desertion in Washington, D. C. in April, 1938 and the lower Court found that the desertion occurred in New York at a later date. 2. There was no substantial evidence to sustain the decree granting divorce to the appellee or dismissing the complaint for maintenance. 3. The Court erred in not permitting counsel for the appellant to make a statement regarding the facts or the law at the conclusion of the evidence. 4. The Court erred in not making a finding of facts and conclusion of law. 5. The decree granting divorce to the appellee and the order dismissing the complaint for maintenance were contrary to law because desertion was not established. 6. The decree granting divorce to the appellee and the order dismissing the complaint for maintenance were contrary to the evidence. 7. The Court erred in overruling appellant's motions for new trials. 8. The Court erred in not granting a fee to the attorney for the appellant."

No findings were filed by the trial judge; no brief was filed in this court on behalf of appellee; and the record is so inadequate as to make impossible the determination of several points urged by appellant. We have here, therefore, a striking demonstration of the salutary character of Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires that in all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law. Under the circumstances, we have no alternative but to reverse the judgments and to remand both cases for trial and proper determination.[1]

Reversed.

---

[1] See Fogle v. General Credit, Inc., 71 App.D.C. 338, 110 F.2d 128; Boss v. Hardee, 68 App.D.C. 75, 93 F.2d 234.