## LOUISVILLE TAXICAB & TRANSFER CO. v. YELLOW CAB TRANSIT CO.

### No. 315.

District Court, W. D. Kentucky, Louisville Division.

March 17, 1944.

Allen, McElwain, Dinning & Clarke, of Louisville, Ky., for plaintiff.

Finley F. Gibson, Jr., of Louisville, Ky., and J. B. Dudley, Duke Duvall, and Dudley, Duvall & Dudley, all of Oklahoma City, Okl., for defendant.

MILLER, District Judge.

The defendant has filed a motion for amended and supplemental findings of fact and conclusions of law and also a motion for a new trial.

Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c dealing with findings of fact by the Court does not contemplate that the Court detail all of the facts presented by the evidence or the evidence dealing with the ultimate fact presented for decision. It is only necessary that the Court make a finding on the essential and ultimate facts presented by the record. Klimkiewicz v. Westminster Deposit & Trust Co., 74 App. D.C. 333, 122 F.2d 957; Penmac Corporation v. Esterbrook Steel Pen Manufacturing Co., D.C., 27 F.Supp. 86; Sonken-Galamba Corporation v. Atchison T. & S. F. Ry. Co., D.C., 34 F.Supp. 15.

Some of the requests for additional facts are not in the Court's opinion supported by the evidence. The conclusions of law as stated are sufficient to dispose of the issues involved in this case. The real problem in this case was the application of those principles to the facts. Defendant's request for a change in the Court's conclusions of law is in substance merely a disagreement with the Court's application

of the law to the facts. Defendant's rights for the purposes of an appeal seem fully preserved by the conclusions in their present shape.

The defendant's brief on its motion for a new trial is devoted entirely to the contention that the decree is too broad and goes beyond what is necessary and proper under the circumstances in this case. It contends that the defendant should not be enjoined from using the name Yellow Transit, but that it should be permitted to continue to use its corporate name of Yellow Transit Company so long as it combined with the use of such name other words which would distinguish its service from that of the plaintiff so as to reasonably avoid confusion in the minds of the public. In its support of that contention it relies chiefly upon the decisions of the Supreme Court in Donnell v. Herring-Hall-Marvin Safe Co., 208 U.S. 267, 28 S.Ct. 288, 52 L.Ed. 481, and L. E. Waterman Co. v. Modern Pen Co., 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142, where the Court declined to enjoin the use of the name, but merely required that additional words be used which would show the public that the two companies were not the same. The contention misconstrues the effect of the decree. The decree does not enjoin the defendant from the continued use of the name Yellow Transit or the name Yellow Transit Company. It can continue to use those names so long as other steps are taken in conjunction therewith so as to avoid in the minds of the public any confusion between the plaintiff's business and the defendant's business. This meets the requirements of the two cases above referred to. Subsection (b) of Paragraph 1 of the decree, which is the part complained of, enjoins the use of the name Yellow Transit "in combination" with the distinctive yellow color scheme of the plaintiff. It is this combination of name and color scheme that causes the confusion, and the decree seems properly directed at the real seat of the trouble. In the Court's opinion if the defendant combines the name Yellow Transit and the distinctive yellow color scheme of the plaintiff, the use of additional words would not be effective in preventing confusion to the public, nor would it provide to the plaintiff the real measure of protection to which it is entitled. The only effective way to obtain the result sought for is to dissolve the combination. The decree in its present form still gives wide latitude to the defendant to operate in Louisville under its own corporate. name.

The defendant's motions are accordingly overruled.