**SCHILLING et al. v. SCHWITZER-CUMMINS CO.**

No. 8412.

United States Court of Appeals District of Columbia.

Decided March 31, 1944.

Mr. Arthur Raisch, of Detroit, Mich., member of the bar of the Supreme Court of the State of Michigan, pro hac vice, by special leave of Court, with whom Messrs. Stuart C. Barnes, of Detroit, Mich., and John G. Sbarbaro, of Washington, D. C., were on the brief, for appellants.

Mr. Ralph G. Lockwood, of Washington, D. C., with whom Mr. Dwight B. Galt, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

This appeal arises out of a Section 4915 proceeding in the District Court which, in turn, followed an interference proceeding in the Patent Office. Invention is conceded; the improvement being an automatic seal, a self-contained assembly which can be handled and put in place as a unit, intended primarily for water pumps used on automobiles. Both the Patent Office and the District Court decided in favor of appellee. Specifically, the court found: "5. The invention in issue relates to a fluid seal generally used to seal the water pump shaft in water cooled motors, including a self-contained non-exploding sealing unit,

as set forth and particularly described and claimed in plaintiff's application, claims 19 to 22, inclusive. 6. The defendant-patentee, Schwitzer-Cummins Company, has established possession of the invention in issue, as having been invented by its assignor, Kurt A. Beier, on or before November 6, 1935, and its disclosure to plaintiffs by the drawing in evidence as Defendant's Exhibit N and the letter of transmittal thereof to the plaintiffs dated November 6, 1935. 7. The earliest date that plaintiffs have established as their being in possession of the invention in issue and as the invention of Robert Schilling, is November 26, 1935. 8. Plaintiffs have failed to establish that they first disclosed the invention in issue to defendant, Schwitzer-Cummins Company, or its assignor, Kurt A. Beier, the first disclosure of one of said parties to the other being established as the disclosure of defendant, Schwitzer-Cummins Company, to plaintiffs by its letter dated November 6, 1935, transmitting the drawing, Defendant's Exhibit N. 9. Plaintiffs' successful tests of the seals produced by defendant, Schwitzer-Cummins Company, according to the said Defendant's Exhibit N, constituted a reduction to practice inuring to the benefit of said defendant's assignor Beier. 10. The plaintiff-applicant Schilling was not the true, original and first inventor or discoverer of the fluid seal as defined by his said claims here in issue, having failed to establish his invention thereof as being prior to that of the said defendant's assignor Beier."

In its preliminary memorandum opinion the trial court found the facts to be "substantially as claimed by the defendant * * *" and directed counsel to draft findings. Appellants contend this is not a commendable procedure; that the findings subsequently made are entitled to no weight; and, consequently, that the case should be considered by this court, on the evidence, de novo. Assuming the correctness of the premise, the conclusion does not follow. In such a situation as that of the present case, if adequate findings had not been made, the proper procedure would be to remand the case to the trial court and direct that new findings be made.[1] It is not the function of an appellate court to assume the powers of the trial court; which it would do, necessarily, if it tried, de novo, such a case as the present.[2]

However, the premise assumed by appellants is incorrect. Whatever may be the most commendable method of preparing findings—whether by a judge alone, or with the assistance of his court reporter, his law clerk and his secretary, or from a draft submitted by counsel—may well depend upon the case, the judge, and facilities available to him.[3] If inadequate findings result from improper reliance upon drafts prepared by counsel—or from any other cause—it is the result and not the source that is objectionable.[4] It is no more appropriate to tell a trial judge he must refrain from using or requiring the assistance of able counsel,[5] in preparing his findings,

[1] Rainey v. Rainey, 76 U.S.App.D.C. 341, 131 F.2d 349; National Savings & Trust Co. v. Shutack, — U.S.App.D.C. —, 139 F.2d 371; Fogle v. General Credit, Inc., 71 App.D.C. 338, 110 F.2d 128; Boss v. Hardee, 68 App.D.C. 75, 93 F.2d 234. See Matton Oil Transfer Corp. v. The Dynamic, 2 Cir., 123 F. 2d 999; Graham v. Bayne, 18 How. 60, 15 L.Ed. 265.

[2] See 28 U.S.C.A. § 225(a): "The circuit courts of appeal shall have appellate jurisdiction to review by appeal * * *." D.C.Code (1940) tit. 17; id. at § 11—208.

[3] Matton Oil Transfer Corp. v. The Dynamic, 2 Cir., 123 F.2d 999, 1001: "Of course, we do not mean to imply that a trial court is not privileged to seek such aid of counsel, both as to the facts and the law, as it thinks desirable prior to and as a step in decision; or to limit or restrict in any way the procedure for amending or otherwise correcting findings

set forth in F.R.C.P. 52(b) [28 U.S.C.A. following section 723c]. Nor do we wish to preclude the trial court from preparing an opinion, for that can be most illuminating and helpful to an appellate court." See Chesnut, Analysis of Proposed New Federal Rules of Civil Procedure, 22 A. B.A.J. 533, 541.

[4] Epstein v. Goldstein, 2 Cir., 107 F.2d 755; Process Engineers, Inc. v. Container Corp. of America, 7 Cir., 70 F.2d 487, 489.

[5] Societe Suisse Pour Valeurs de Metaux v. Cummings, 69 App.D.C. 154, 157, 99 F.2d 387, 390: "In cases requiring findings of fact it is the better practice to insist that counsel for the prevailing party submit to the court and to the adverse party proposed findings. Thereafter a time should be set at which objections and proposed modifications, eliminations, or additions may be submitted and then, if necessary, a hearing had and the findings settled."

than it would be to tell an appellate judge he must write his opinions without the aid of briefs and oral argument. What the law requires in this respect is that the findings as made, shall be· those of the trial judge himself.[6] The ultimate test as to the adequacy of findings will always be whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision,[7] and whether they are supported by the evidence.[8] To the extent that they are, in addition, concisely stated, non-argumentative in form, free from conclusions of law[9] and from the redundancy so frequently found in pleadings, they will be more useful to all concerned.[10] While counsel may be disappointed that findings do not discuss propositions sincerely contended for, that, alone, does not make them inadequate or suggest that such propositions were not understood by the court. A decision, as between two contestants, necessarily rejects contentions made by one or the other. The Bar—other than counsel who participate in each particular case—complains, only too frequently, of the length of decisions in *appellate* courts, which results from judicial efforts to reflect consideration of contentions made by both parties. Certainly, we should not require or encourage *trial* judges, in preparing findings, to assert the negative of each rejected contention as well as the affirmative of those which they find to be correct.

Specifically, appellants say the trial judge disregarded certain evidence upon which they placed great reliance. On the contrary, the judge stated in his memorandum opinion: "The court concludes that the testimony of the plaintiff's witness, Charles Lewis, and Plaintiff's Exhibits Nos. ·43, 47 and 51 should not be admitted in evidence because they were readily available to the plaintiff (General Motors Corporation) and were either suppressed or withheld from the Interference Proceedings in the Patent Office, *but even if allowed in evidence the Judgment of the court would still be for the defendant, Schwitzer-Cummins Company.*" (Italics supplied) The language. used by Mr. Justice Rutledge, speaking for this court, in the Boucher Inventions case,[11] is applicable in the present case: "The practice, under Section 4915 as well as within the Patent Office itself, contemplates a full disclosure to that office, so far as is reasonably possible, particularly in relation to models, exhibits, drawings, etc. While the 4915 suit is de novo and permits introduction of evidence not presented to the Patent Office, it does not con-

---

[6] Fed.Rules Civ.Proc., Rule 52(a). See Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316, 60 S.Ct. 517, 84 L. Ed. 774; Interstate Circuit, Inc. v. United States, 304 U.S. 55, 56, 58 S.Ct. 768, 82 L.Ed. 1146; Hazeltine Corp. v. General Motors Corp., 3 Cir., 131 F.2d 34, 37.

[7] Klimkiewicz v. Westminster Deposit & Trust Co., 74 App.D.C. 333, 334, 122 F.2d 957, 958, and cases there collected. See Heitmeyer v. Federal Communications Comm., 68 App.D.C. 180, 185, 188, 95 F.2d 91, 96, 99; Saginaw Broadcasting Co. v. Federal Communications Comm., 68 App.D.C. 282, 288–289, 96 F.2d 554, 560–561, certiorari denied, Gross v. Saginaw Broadcasting Co., 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391, and authorities cited.

[8] Nichols v. Gaston, 72 App.D.C. 186, 112 F.2d 220. See State of Florida v. United States, 282 U.S. 194, 212–215, 51 S.Ct. 119, 75 L.Ed. 291; Heitmeyer v. Federal Communications Comm., 68 App. D.C. 180, 189, 95 F.2d 91, 100.

[9] Societe Suisse Pour Valeurs de Metaux v. Cummings, 69 App.D.C. 154, 157, 99 F.2d 387, 390: "* * * it would

have been better if the findings had not been interwoven with conclusions of law and interspersed with expressions of the court's opinion on the merits; but by disregarding the extraneous matter there is enough left to enable us to determine the issues which the case presents." Heitmeyer v. Federal Communications Comm., 68 App.D.C. 180, 185, 95 F.2d 91, 96.

[10] Klimkiewicz v. Westminster Deposit & Trust Co., 74 App.D.C. 333, 334, 122 F.2d 957, 958; Petterson Lighterage & Towing Corp. v. New York Central R. Co., 2 Cir., 126 F.2d 992, 996; McGee v. Nee, 8 Cir., 113 F.2d 543, 546: "The findings should be 'a clear and concise statement of the ultimate facts, and not a statement, report, or recapitulation of evidence from which such facts may be found or inferred.' Anglo-American L. M. & A. Co. v. Lombard, 8 Cir., 132 F. 721, 734; Becker v. Evens & Howard Sewer Pipe Co., [8 Cir., 70 F.2d 596, 598] * * *."

[11] Boucher Inventions, Ltd. v. Sola Electric Co., 76 U.S.App.D.C. 160, 162, 131 F.2d 225, 227, certiorari denied, 318 U.S. 770, 63 S.Ct. 762, 87 L.Ed. 1140.

template the suppression or the withholding of evidence so readily available and of such importance as was Exhibit AR or oversight of such glaring proportions. We have added these views, * * * though not strictly necessary for decision of the cause, to avoid by admonition, if possible, the necessity for making decision on such a ground in another case, in which the consequences might be more serious." One who assumes the difficult burden placed upon a plaintiff in a Section 4915 proceeding,[12] does not aid his cause by giving ground for the impression that he deliberately failed to make a full disclosure in the Patent Office. The same result flows from Judge Woolley's opinion in the Barrett case,[13] upon which appellants rely: "Specifically our decision is that the plaintiffs in this action under section 4915, R.S., *are estopped to offer evidence which was wholly within their possession and control at the interference proceeding and which they withheld from that proceeding * * *.*" (Italics supplied) While the 1927 amendment to Section 4915, R.S. contemplated a de novo trial in the District Court and made the record in the Patent Office proceeding available, along with other evidence, for that purpose,[14] it was not intended to encourage the practice of suppressing evidence before the administrative agency, for whatever purpose.[15] On this appeal, appellants did not deny that the disputed evidence was wholly within their possession and control at the interference proceeding, and was withheld from that proceeding. Whether or not withholding evidence may constitute suppression will depend upon the circumstances of the particular case. But, in any event, after a careful examination of the record—including the disputed evidence—we have concluded there was ample support for the findings and judgment of the trial court; hence, there is no reason to interfere with its determination.[16]

Affirmed.

---

[12] Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 38 L.Ed. 657; Cleveland Trust Co. v. Berry, 6 Cir., 99 F.2d 517, 522.

[13] Barrett Co. v. Koppers Co., 3 Cir., 22 F.2d 395, 397. See also, Greene v. Beidler, 2 Cir., 58 F.2d 207.

[14] Act of March 2, 1927, c. 273, § 11, 44 Stat. 1336–1337, 35 U.S.C.A. § 63.

[15] See Abbott v. Coe, 71 App.D.C. 195, 197, 109 F.2d 449, 451.

[16] Abbott v. Coe, 71 App.D.C. 195, 197, 198, 109 F.2d 449, 451, 452; Morrison v. Coe, 75 U.S.App.D.C. 219, 220, 127 F.2d 737, 738; Daniels v. Coe, 73 App.D.C. 54, 58, 116 F.2d 941, 945.