**SOLWAY METAL SALES, LTD., a Corporation, Appellant,**

v.

**The BALTIMORE & OHIO RAILROAD COMPANY, a Corporation, Appellee.**

**No. 18730.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 18, 1965.

Decided March 4, 1965.

Petition for Rehearing En Banc and Petition for Rehearing before the Division Denied April 27, 1965.

---

Messrs. Samuel W. Earnshaw and Armistead B. Rood, Washington, D. C., for appellant.

Mr. Laidler B. Mackall, Washington, D. C., with whom Mr. James C. Conner, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and FAHY and DANAHER, Circuit Judges.

**PER CURIAM:**

Plaintiff in the District Court, appellant here, sued appellee Railroad Company to recover damages to steel sheets shipped by plaintiff over the Railroad and connecting carriers from Wyoming, Pennsylvania, to Appliance Park, near Louisville, Kentucky. Plaintiff was the consignor and the General Electric Company the consignee. The steel was shipped in an open gondola type of freight car and the damage occurred in transit.

The action was brought under the Carmack Amendment, 34 Stat. 595 (1906), 49 U.S.C. § 20(11) (1958), for breach of contract. There is no dispute that under the carriage contract, evidenced by the bill of lading, the shipment was "Shippers load and count." This must be read with the following provision in the Bills of Lading Act, 39 Stat. 541 (1916), 49 U.S.C. § 101 (1958),

> "The carrier may also by inserting in the bill of lading the words 'Shipper's weight, load, and count,' or other words of like purport, indicate that the goods were loaded by the shipper and the description of them made by him; and if such statement be true, the carrier shall not be liable for damages caused by the improper loading or by the nonreceipt or by the misdescription of the goods described in the bill of lading * * *."

Thus the appellee is not liable for the damage if it was caused by the improper loading by the shipper or his agent. The court found that it was so caused, in the following language:

> "The steel plates rusted in transit as a result of plaintiff's failure to properly prepare the goods for shipment in an open gondola car. This damage to the goods is within the exceptions from liability on the part of the carrier as set forth in Section 1 of the Bill of Lading."

While this language of the court appears under the heading "Conclusions of Law" it constitutes, in its first sentence, a finding of fact and we so consider it. Schilling v. Schwitzer-Cummins Co., 79 U.S.App.D.C. 20, 22, 142 F.2d 82, 84 (1944). While lacking in desirable detail the finding supports the conclusion upon which the court gave judgment for appellee, unless the finding is clearly erroneous. Rule 52(a), Fed.

R.Civ.P. As to this, the evidence left in sufficient balance the question whether the loading by the shipper plaintiff was improper to preclude this court from holding that the resolution of this factual issue by the trial court was clearly erroneous.[1]

Affirmed.

1. Assuming that the burden was on the carrier to prove that the damage was caused by improper loading, see Missouri Pacific R.R. v. Elmore & Stahl, 377 U.S. 134, 138, 84 S.Ct. 1142, 12 L. Ed.2d 194 (1964), the finding above referred to, in the absence of some showing on the record to the contrary, is construed as a decision by the trial court that the burden was sustained.