See, D.C., also 387 F.2d 822.

**Walter BUTTERMAN and Emmy S. Butterman, Plaintiffs,**

v.

**WALSTON & CO., Inc., et al.,**
and
**the New York Stock Exchange and its President, Defendants.**

**No. 69–C–285.**

United States District Court,
E. D. Wisconsin.

May 15, 1970.

Walter Butterman, pro se.

Foley & Lardner, Milwaukee, Wis., for defendant Walston.

Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On January 21, 1970, the court entered an order granting the defendants' motions to dismiss and for summary judgment. Butterman v. Walston & Co., Inc. et al., 308 F.Supp. 534 (E.D.Wis. 1970). Pursuant to Rule 59, Federal Rules of Civil Procedure, the plaintiffs have now moved "to vacate, alter or amend the decision or order dated January 21st, 1970."

They have further moved for orders seeking leave to file an amended complaint, granting discovery, and other relief. Determination of the plaintiffs' latter motions need only be made if the court grants the motion to vacate its previous order. In my opinion, the plaintiffs' motion "to vacate, alter or amend" must be denied.

The plaintiffs are appearing pro se.

## I. REQUEST FOR A HEARING

The plaintiffs first argue that the court's failure to offer them an opportunity for oral argument in connection with their previous motions resulted in the court's committing various errors in its decision of January 21, 1970.

Due process does not always require the holding of an oral argument. F.C.C. v. WJR, Goodwill Station, 337 U.S. 265, 275–276, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949); Weir v. Chicago Plastering Institute, 272 F.2d 883, 888 (7th Cir. 1959). In particular, an opportunity for oral argument is not required when the only questions are those of law. Schroeder Nursing Care, Inc. v. Mutual of Omaha Insurance, 311 F.Supp. 405 (E.D.Wis. April 2, 1970). Accord, Anti-Defamation League of B'nai B'rith, Pac. S.W.R.O. v. F.C.C., 131 U.S.App. D.C. 146, 403 F.2d 169 (1968). But cf. Dredge Corporation v. Penny, 338 F.2d 456, 461–462 (9th Cir. 1964).

Nor is oral argument always helpful or desirable. In Hilton v. W. T. Grant Company, 212 F.Supp. 126, 128 (W.D. Pa.1962), the court observed:

"The practice of dispensing with oral arguments on motions except in complicated cases is recommended by eminent authorities. See Proceedings of the Seminar on Procedures for Effective Judicial Administration, 29 F.R.D. 191, 301."

Rule 78, Federal Rules of Civil Procedure, provides:

"To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

In my opinion, under the circumstances of this case, oral argument would not have been helpful in connection with the motions resolved on January 21 and will not be helpful in connection with the present motions. The questions of this case have been fully illuminated by the numerous and extensive briefs submitted by the parties. Therefore, I deny the plaintiffs' request for oral argument. Skolnick v. Martin, 317 F.2d 855, 857 (7th Cir. 1963).

## II. PROCEDURE TO RAISE DEFENSE OF RES JUDICATA

Secondly, the plaintiffs argue that the defense of res judicata, which the court discussed in its January 21 opinion, may not properly be raised by motions to dismiss or for summary judgment. Under the facts of this case, the plaintiffs' contention must be rejected.

█ When the identity of controlling facts in two cases is apparent on the face of the complaint, the defense of res judicata can be raised by a motion to dismiss. Florasynth Laboratories v. Goldberg, 191 F.2d 877, 880 (7th Cir. 1951). Accord, Williams v. Murdoch, 330 F.2d 745, 749 (3rd Cir. 1964). Likewise, res judicata may properly be raised on a motion for summary judgment. Hardy v. Bankers Life & Casualty Co., 232 F.2d 205, 210–211 (7th Cir. 1956). Accord, Smith v. United States, 369 F.2d 49, 53 (8th Cir. 1966).

In the present case, there was no dispute whether the same cause of action was involved in both the previous action in Illinois and the instant case. The only question was as to the legal effect of that previous action. Accordingly, I find no error in the manner by which the issue of res judicata was raised.

## III. FAILURE TO DISCUSS ALL POINTS RAISED

The crux of the plaintiffs' attack on the court's opinion of January 21 is that it failed to discuss every contention advanced by the plaintiffs or to explicitly grant or deny every motion on file. The plaintiffs argue that issues not explicitly discussed by the court remain to be decided and that motions not specifically granted or denied must be directly ruled upon.

On the same theory, the plaintiffs are reasserting the position which they previously advanced concerning the defense of res judicata. The plaintiffs argued that the decisions of the district and appellate courts must be interpreted as being without prejudice since neither rejected the plaintiffs' theory of the case in explicit terms. Thus, the plaintiffs argued, their own claim for $117,500.00 must have been left unresolved.

In the decision of January 21, 1970, this court rejected the plaintiffs' interpretation of the Illinois district court's decision and its affirmance by the court of appeals. I am satisfied that the January 21 decision was correct and fully supported by the record from the district court and the opinion of the court of appeals.

█ I now also reject the plaintiffs' contention that the courts in the previous proceedings of this case and this court in its January 21 opinion were obligated by law to answer all contentions advanced by the parties and to rule on all motions. In analyzing the standard for adequacy of district court opinions, the court in Schilling v. Schwitzer-Cummins Co., 79 U.S.App.D.C. 20, 142 F.2d 82, 84 (1944) observed:

> "While counsel may be disappointed that findings do not discuss propositions sincerely contended for, that, alone, does not make them inadequate or suggest that such propositions were not understood by the court. A decision, as between two contestants, necessarily rejects contentions made by one or the other. The Bar—other than counsel who participate in each particular case—complains, only too frequently, of the length of decisions in *appellate* courts, which results from judicial efforts to reflect consideration of contentions made by both parties. Certainly, we should not require or encourage *trial* judges, in preparing findings, to assert the negative of each rejected contention as well as the affirmative of those which they find to be correct."

I must reject the plaintiffs' argument that the court failed to consider all of the relevant material submitted in support of motions on file or failed to resolve such motions. The following state-

ment of the plaintiffs in their brief filed March 27, 1970, is not correct:

"It is a matter of fact, that Plaintiffs case 69–C–285, filed June 6, 1969, has not been dismissed by decision and order of this Court dated January 21, 1970, but lays still in the stage of fighting about procedural rules, technicalities and petty meaning of words."

In my opinion, the decision and order of January 21 meets the requirement of being "such that a proper determination of the questions of law raised by petitioners' contentions" can be made. As the Supreme Court observed in Kelley v. Everglades Drainage District, 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485 (1943):

"Nor do we intimate that findings must be made on all of the enumerated matters or need be made on no others; the nature of the evidentiary findings sufficient and appropriate to support the court's decision as to fairness or unfairness is for the trial court to determine in the first instance in the light of the circumstances of the particular case. We hold only that there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion."

Atwood v. Fidelity and Deposit Company of Maryland, 379 F.2d 498, 500 (7th Cir. 1967); Oedekerk v. Muncie Gear Works, Inc., 179 F.2d 821, 823 (7th Cir. 1950).

## IV. OTHER CLAIMS OF ERROR

■ The plaintiffs also ask:

" * * * that Decision and Order of January 21, 1970 be vacated for the reason that the jurisdictional amount of 10,000.00 exclusive of costs and interest has not been established by this Court in its Order for dismissal of the Amended Complaint."

The court's January 21 ruling with respect to jurisdictional amount correctly states the law with respect to this issue:

"[I]t is the amount claimed in good faith by the plaintiffs which determines whether the jurisdictional amount is met, even though the amount actually recovered is less."

■ The plaintiffs also urge that they have new evidence with respect to the Illinois district court's jurisdiction in the previous proceedings in this case. Since it is not apparent how such new facts could be relevant to the issue of whether their claim for damages was made in good faith, I must disregard their urgings on this point. The plaintiffs have not alleged such new facts or averred that they were unable to find them with due diligence previously.

The plaintiffs argue that the court failed to consider the effect in the Illinois proceedings of their attorney's alleged misconduct and incompetence there. An examination of the transcripts of December 15 and 16, 1966 and other materials with respect to the proceedings in Illinois does not support the plaintiffs' charges. The court of appeals found no reversible error in such proceedings.

The plaintiffs contend that in granting the defendants' motions to strike in the January 21 opinion, the court applied the wrong standard of law. Since the court did not grant the defendants' motions to strike at any time, there is no merit to this claim.

■ Finally, the plaintiffs urge that the opinion of January 21 unconstitutionally deprives them of their right to a jury trial. The plaintiffs are not deprived of a jury trial when as a matter of law they have no triable issues. See, generally, cases cited in 6 Moore's Federal Practice ¶ 56.06, pp. 2075–2080.

The court has reviewed the other alleged errors and finds them to be without merit. It follows that the motions of the plaintiffs must be denied.

Now, therefore, it is ordered that plaintiffs' motions filed in this action on February 2, 1970 be and are hereby denied.