RAFAEL MELÉNDEZ ARROYO, Plaintiff and Appellee, *v.* METRO TAXICABS, INC., and GREAT AMERICAN INDEMNITY CO., Defendants and Appellants.

No. 9688. Argued May 3, 1948.—Decided May 17, 1948.

R. *Rivera Zayas*, G. *Rivera Cestero*, and *Milton F. Rúa*, for appellants. J. *Giménez Aguayo* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The plaintiff was struck by a taxicab which was being driven by an employee of the co-defendant, Metro Taxicabs, Inc. In his complaint the plaintiff prayed for $10,000 for physical injuries, $8,000 for physical suffering and mental anguish, and $650 for loss of pay. After a trial on the merits, the district court entered judgment for the plaintiff for $650 for loss of pay and $6,000 "for physical injuries, physical suffering and mental anguish". The case is here on appeal from that judgment.

The first assignment is that the lower court erred in not complying with Rule 52(a) of the Rules of Civil Procedure which provides in part that "In all actions the court shall set forth the facts as found by it and state separately its conclusions of law thereon and direct the entry of the appropriate judgment . . .".

The district court labelled its findings "Statement of the Case and Opinion". As the appellants concede, this label is not controlling, provided the lower court complied with

Rule 52(a). The appellants complain, however, that in its findings the lower court (1) failed to specify what portion of the damages were for physical injuries and what portion were for mental suffering, (2) did not justify by facts which were proved why it awarded such a large sum, and (3) did not make any determination of incapacity of the plaintiff.

The "Statement of the Case and Opinion" reads in part as follows:

"From the testimony of Dr. José V. Alonso, who treated the plaintiff at the San José clinic on the day of the accident, the court found it duly proved that the latter suffered a compound fracture of the right leg, lower third, that three operations were necessary for his treatment, and that he was hospitalized in the said clinic for a year—from September 3, 1946, until the day of the trial, September 2, 1947. It was also proved that the plaintiff was a carpenter's assistant and mason at the Naval Station where he earned $18 a week as a permanent employee, and that as a consequence of the accident he was forced to resign his employment.

"    .    .    .    .    .    .    .    .    .

"There is no doubt that the injury suffered by the plaintiff was serious, to the extent that three operations were required . . .

"For the reasons previously expressed, the court comes to the conclusion that it must sustain and hereby sustains the complaint, granting to the plaintiff the sum of $650 for salary he failed to receive, and the sum of $6,000 for his injuries, physical pain and mental suffering.

"We cannot lose sight of the three operations to which the plaintiff was submitted, the time he spent in the clinic—a year was completed the day of the hearing—and that he still is in the clinic. The testimony of Dr. Alonso was to the effect that the plaintiff still cannot walk normally, although he has recommended exercise and use of his legs as much as possible, aided by crutches."

We do not agree that the district court did not set out the facts it found which justified such a "large" award. The opinion of the lower court sets forth in detail the facts on which the lower court based its judgment. And, as hereafter noted, we do not find it excessive.

The lower court did fail to state separately the amounts awarded for physical injury and mental suffering, respecti-

vely. And also it did not indicate specifically its view on the question of incapacity. Strictly speaking, the district court therefore did not comply with Rule 52(a). See *Interstate Circuit* v. *U. S.*, 304 U.S. 55.

It would be of considerable aid to us if the district courts followed the method contemplated by the Rules and used in the Federal Courts of setting out separately each finding of fact and conclusion of law. That is particularly true where as here two separate items of damage—physical injury and mental suffering—are claimed. See *Díaz* v. *Cancel,* 61 P.R.R. 857, 867. But that does not mean that in every case where this is not done reversal must automatically follow. *Goodacre* v. *Panagopoulos,* 110 F.(2d) 716 (C.C.A., D.C., 1940).

The circumstances of some other case may require us to reverse a judgment for failure to comply with Rule 52(a). But the damages awarded here were clearly reasonable. It would therefore serve no useful purpose for us to reverse a judgment which is not unreasonable in its total amount merely to order the district court to furnish us with a breakdown of the judgment. As the court points out in the *Goodacre* case at p. 718, Rule 52(a) is intended, among other things, to aid appellate courts by affording them a clear understanding of the basis of the decision below. When this clear understanding is afforded, the judgment may stand although the Rule is violated.

However, although in this particular case we do not reverse the judgment for failure to comply with Rule 52(a), we think it appropriate to indicate to the district courts that this Rule requires them to abandon their previous practice of writing a "Statement of the Case and Opinion" in which a summary of the testimony, the reasoning of the court and the facts and law it finds are all set forth in a continuous narrative form. Rule 52(a) contemplates a separate statement in a separate paragraph of each underlying and ultimate fact which the court finds, not a summary of the evidence adduced to establish these facts. This should, in turn, be followed by

a separate statement. in a separate paragraph of each conclusion of law.. Finally, although it is not required by Rule 52(a), if the district court wishes to do so, it may at. its option set forth in an opinion its reasoning showing how application of its conclusions of law to the facts it has found makes it necessary to enter a certain judgment. All this is familiar practice in the Federal courts under Federal Rule 52(a) which is substantially the same, for present purposes, as our Rule. See *Woodruff* v. *Heiser,* 150 F.(2) 869, 871 (C.C.A., 10th. 1945); *Woodruff* v. *Heiser,* 150 F.(2) 873, 875 (C.C.A. 10th, 1945); *United States* v. *Forness,* 125 F.(2) 928, 942–43 (C.C.A. 2nd, 1942); Commentary, Form and Scope of Findings of Fact, 5 Fed. Rules Serv. 839.

The second error assigned is that the judgment of $6,000 for damages is excessive. We do not accept the invitation of the appellants to compare this award with the damages in other cases which have reached this Court. That would be a futile enterprise. In the first place, in some of those cases judgments of the district courts were affirmed. Obviously, these affirmances did not represent our independent judgment of the appropriate amounts. Those cases simply held that the lower courts, who saw the witnesses and weighed the evidence, had not abused their discretion. Secondly, as to the cases in which this Court did fix the amounts awarded, each tort case is bottomed on its own facts. Even in cases which on the surface seem similar, there are variant facts which require differing results. It would therefore serve no useful purpose to engage in a protracted discussion of awards in other cases as compared with the judgment herein.

We likewise find it pointless to compare this award with the Table of Compensation in workmen's compensation cases. The considerations involved in the system of workmen's compensation, including the purpose of such compensation, the concept of liability irrespective of fault and the solvency of the insurance fund, make those figures irrelevant in connection with our problem.

The appellants recognize that "the present tendency of this Court is to grant higher awards than formerly". *Graniela* v. *Yolande, Inc.*, 65 P.R.R. 100, 105. This judgment is part of the defendants' costs of doing business. Other costs have risen considerably in recent years. Damages for personal injuries must keep pace with these increases if the risks of living in a modern society are to be distributed evenly. In addition, for the damages to be truly reparative, the courts must take prevailing financial conditions into consideration. We are unable to say that the district court abused its discretion in awarding $6,000 damages for the physical and mental suffering of the plaintiff.

The third error is directed against the provision in the judgment for $400 as attorney's fees. We find no basis for interference with this action of the lower court.

The judgment of the district court will be affirmed.

Mr. Justice De Jesús did not participate herein.